INZER, Justice:
This is an appeal by Glenn’s All American Sportswear, Inc., referred to as Glenn, and Magnolia Casuals, Inc., referred to as Magnolia, from a judgment of the Circuit Court of Monroe County awarding appellee Mrs. Linda Thompson $50,000 as damages for personal injuries sustained as a result of an intersection automobile collision. We affirm.
Appellee suffered personal injuries on August 18, 1968, when her automobile was struck in an intersection by an automobile owned and driven by Mary K. Reich. Mrs. Reich was a general employee of Glenn’s All American Sportswear, Inc., and on the day in question, she was inspecting and grading slacks for Glenn and Magnolia. Euple Colburn was an employee of Magnolia and was engaged in the same work. They were supervised by Ea-son Loden, a general employee of Glenn’s Sales and Services Company, Inc., on loan to Magnolia, and he was in charge of work being performed. While in the performance of his duties, Colburn got a cinder in his eye, and he informed Loden of that fact, requesting that he be sent to a doctor. Loden did not think it safe for Colburn to drive, and he either directed or requested Mrs. Reich to take her car and carry him to the doctor. On the way to the doctor’s office, the car driven by Mrs. Reich was involved in a collision with a car driven by appellee. As a result of the collision ap-pellee suffered a serious, painful and permanent back injury.
Appellee brought suit against Mrs. Reich, Glenn, and Magnolia alleging she was injured as a result of the negligence of Mrs. Reich who was an employee of both Magnolia and Glenn and who was acting in the scope of her employment at the time of the accident. Mrs. Reich answered and denied she was guilty of any negligence which caused or contributed to the accident. Glenn and Magnolia filed separate answers in which they denied that Mrs. Reich was in the scope of her employment at the time of the accident and denied that she was guilty of any negligence.
A trial was had and the jury found for the appellee against all defendants and as *868 sessed her damages at $50,000. From this judgment Gleml and Magnolia have appealed, but Mrs. Reich did not appeal.
The principal question involved on this appeal is whether the trial court was in error in instructing the jury to the effect that while transporting Colburn to the doctor, Mrs. Reich was a joint employee of Magnolia and Glenn and if the jury found from a preponderance of the evidence that Mrs. Reich was negligent in the operation of her vehicle and that said negligence proximately caused or contributed to the accident, which resulted in appellee’s injuries then all defendants were jointly and severally liable.
Appellants’ first argument is that there was no obligation on the part of either Magnolia or Glenn to transport Col-burn, the injured employee, to the doctor. In support of this argument they cite cases supporting the common law rule that there is no obligation for the master to furnish medical services to his employee.
In answer to this argument appellee points out that the undisputed testimony, shows that Mrs. Reich and Colburn were covered by the Mississippi Workmen’s Compensation Act and that when Colburn was injured on the job, it was the duty of his employer to furnish him medical service.
Section 6998-08 (a), Mississippi Code 1942 Annotated (1952), provides in part as follows:
The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus, for such period as the nature of the injury or the process of recovery may require. If the employer fails to provide the same, after request by the injured employee, such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services except in emergency cases, unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required stich treatment and services and the employer or his superintendent or foreman having knowledge of such injury shall have neglected to provide the same .... (Emphasis added).
We are of the opinion the provisions of this section do place the duty upon the employer to furnish medical services to an injured employee and that if it is necessary to transport the employee to a doctor, it is the duty of the employer to do so. Of course, if the employer does not carry out this duty after notice to him, his superintendent or his foreman, the employee can go to a doctor and require his employer to pay for such services. In this case Loden, the supervisor or foreman, saw fit to carry out this duty. Loden either directed or requested Mrs. Reich to perform this service. As an employee she had no choice other than performing the service. The record reflects 'that after the accident, Loden in furtherance of this duty, went to the scene of the accident and carried the injured employee to the doctor.
Appellants next argue that Reich was not an employee of either Glenn or Magnolia or in the alternative that she was not a joint employee. Appellee propounded interrogatories to both Glenn and Magnolia and the answers to these interrogatories are in evidence. Glenn was asked what kind of work Mrs. Reich was performing for it just preceding the taking of the employee to the doctor, and Glenn answered that she was inspecting, grading and sorting slacks. Magnolia was asked to state whether Reich and Colburn were performing any services in the furtherance of the business of Magnolia or in the furtherance of the joint business in the interest of it and Glenn. Magnolia answered that they were performing services in the furtherance of the business of Magnolia and Glenn. The proof also showed without *869 dispute that although Magnolia and Glenn were separate organizations they had a common ownership and both were engaged in the same type of business. It is our opinion that under the undisputed proof the trial court was justified in instructing the jury that Reich and Colburn were joint employees of Magnolia and Glenn on the day in question. Biggart v. Texas Eastern Transmission Corp., 235 So.2d 443 (Miss.1970) and Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965).
It is also argued that the granting of the instruction was erroneous because Loden as supervisor of Reich had no authority to authorize or direct Mrs. Reich to carry Colburn to the doctor. The record is silent as to the extent of Loden’s authority, but it does establish without dispute that he was in charge of the work being performed by these employees. Appellants, having placed him in charge, clothed him with such authority as might be necessary to carry out the work. Appellants knew, or should have known, that if in the performance of the work an employee was injured, it was their duty to furnish such employee'medical services. Notice to Loden of the injury to Colburn was notice to the employers, and it then became their duty to furnish medical service. In carrying out this duty Loden was acting within the scope of his apparent authority in the absence of any proof to the contrary. The act performed by Loden was an act which could have been reasonably anticipated by the appellants as being probable in view of the terms of employment and the general situation known to them. When Loden directed or requested Mrs. Reich to carry Colburn to the doctor it was an order of her superior. When she undertook the task it was in the furtherance of the business of the appellants, and she was in the scope of her employment when the accident happened.
Appellants urge that the question of whether Reich was in the scope of her employment was a jury question, and it was error for the court to refuse to submit this question to the jury. We find no merit in this contention for the reason, as heretofore pointed out, there was no conflict in the evidence. If the undisputed evidence was sufficient to establish that Mrs. Reich was in the scope of her employment, then the court was correct in so instructing the jury. On the other hand, if it was insufficient, the court was in error in refusing to grant a requested peremptory instruction on behalf of the appellants. We are of the opinion for the reasons heretofore stated that the trial court correctly instructed the jury on this issue.
Finally, appellants urge that the verdict of the jury is so excessive as to evince bias, passion and prejudice on the part of the jury and should not be allowed to stand. The uncontradicted evidence shows that appellee began to experience back pain a few minutes after the accident. She went to see Dr. T. W. Oakes who hospitalized her for two weeks; one week of which she was in traction. When she was released she was fitted with a back brace. The back pain continued to grow worse although she was taking medication. She was then sent back to the hospital where she remained for six days. , After her release the pain did not subside but continued to grow worse. In December 1969 she went to Dr. Thomas Purser an orthopedic surgeon located in Tupelo. He examined her, gave her medication and advised rest. Her condition did not improve, and in February, Dr. Purser hospitalized her, a mye-logram was performed and it revealed a herniated disk at the L-4 vertebra. Dr. Purser performed an operation and found a ruptured disk compressing the 1^5 nerve root on the left. At the time of the trial, she was still under the care of Dr. Purser.
At the time of the accident, appellee was twenty-three years of age, married and had two children. For some time before the accident she was employed as a beautician with an average weekly wage of between $65—$75. Since the accident, she has not been able to work regularly, and at the *870 time of the trial she was able to work only one day a week. Dr. Purser was of the opinion that appellee suffered a fifteen percent permanent partial disability, and he was doubtful if she could return to work as a fulltime beautician.
Appellee had incurred at the time of the trial medical expense in the sum of $1,978.05. She had lost wages of approximately $4,500. The proof further shows that she had undergone severe pain and suffering as a result of her injury.
Considering the above factors and the fact that appellee is a young woman who will no doubt continue to be handicapped by the reason of her injuries, we cannot say that the verdict of the jury is so large that it indicates the jury did not respond to reason.
For the reasons stated, we are of the opinion that this case should be and is affirmed.
Affirmed.
GILLESPIE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.