### ROBERT LAMAR *v.* THE STATE.

CRIMINAL PRACTICE.     *Instruction.     Repetition allowable.     Rule as to abstract and concrete.*

A defendant in a criminal case is entitled to an instruction asked, embodying a principle of law applied to his theory of the facts deducible from the whole evidence, even though such principle was already before stated in the abstract by another instruction for the accused, if there be in the evidence such basis for doubt as to entitle the accused to have his theory considered. *Aldrige* v. *The State,* 59 Miss. 250. cited. It is better practice to charge the law as applied to the respective theories contended for than to announce principles in the abstract.

APPEAL from the Circuit Court of La Fayette County.

HON. W. S. FEATHERSTON, Judge.

Bob Lamar was indicted for the murder of one Wm. Harmon. It appears that on the day of the killing, Lamar, Dock Bishop, and others were in the little town of Dallas, drinking and carousing. They became riotous, and Lamar shot one Ab. Ceasly. Thereupon Lamar and the Bishops started down a public road, apparently to leave the town. After they had gone several hundred yards they turned and seemed to be coming back. William Harmon, postmaster at Dallas, his brother, a merchant, and several others, thereupon went down the road to meet Lamar and the Bishops, and when they had met, William Harmon asked Lamar

to leave and not to come back to the town, and said that he, Lamar, "had shot one man and that they did not want any more trouble."

A quarrel and fight ensued between the two parties and William Harmon was killed. The evidence as to what occurred during this meeting is somewhat conflicting.

On the trial the court instructed the jury for the defendant as follows :

"7. The court instructs the jury that even should they believe from the evidence that accused killed the deceased, yet if deceased was killed when accused honestly and reasonably believed, from the behavior of deceased, that deceased was then and there seeking to take the life of accused, or to do him some great bodily harm, and that the only way of avoiding such injury at the hands of the deceased was to slay, then accused had a right to defend himself, even to the infliction of death, and the jury must acquit.

"And this is true, although the jury should further believe from the evidence that accused was in no actual danger of such injury, if he was in apparent danger of it.

"And further, accused is entitled to be acquitted if the jury have left on their minds by the evidence a reasonable doubt as to whether the accused honestly and reasonably believed as above set forth, under the circumstances above set forth."

The court refused to give the eighth instruction asked by the defendant, which was as follows :

"8. The court instructs the jury that even although they may believe from the evidence that accused had been drunk, disorderly, and violent in Dallas just before the fatal affray, and that deceased and others considered that it would be a disgrace to the town to permit him to remain there and 'cut up' as he had been doing, and went to him for the purpose of inducing him to leave the town; yet if they further believe from the evidence that at the time of their going to him the accused was in the public road in or near Dallas, and was not then and there violent or riotous, the deceased and such others as went with deceased had no right to approach accused in a threatening manner, with weapons of a deadly character exhibited and in a condition to be used ; and if

the jury believe from the evidence, or have a reasonable doubt but that accused was so approached by deceased and his companions, and fired from a reasonable apprehension that they were then about to take his life or do him some great bodily harm, then they must acquit the accused."

The defendant was convicted and he appealed.

*C. B. Howry* and *Edward Mayes,* for the appellant filed an assignment of errors.

The *Attorney General* submitted the case for the State without argument.

CAMPBELL, J., delivered the opinion of the court.

The eighth instruction asked by the appellant should have been given. It is true that the seventh given for him announces the principle of law invoked by the eighth, but the eighth is accurate in stating the legal principle as applied to the theory of the defendant, as to the legitimate conclusion to be drawn from the whole evidence, and was not properly refused because the principle had been announced by the seventh instruction, *Aldrige* v. *State,* 59 Miss. 250. It is far better always to announce principles of law as applied to the respective theories of fact as legitimately contended for by the parties, than to state to the jury merely general rules or principles for its application, and it is the right of a party to have the principles of law specifically applied to his case by instructions accurately drawn, and pertinent to the evidence.

The view of the evidence contended for by the accused is that Harmon and others were indignant and irritated at the conduct of accused and Bishop, and seeing a disposition, as they believed, on the part of accused and Bishop to return to the scene of their former misconduct in Dallas, bore down on them armed with deadly weapons exhibited in an angry and threatening manner, whereby they justly excited the reasonable apprehension of the accused that they meant a deadly assault on him, and he asked the court to tell the jury, if this was the case, he had not by his misconduct before that forfeited his right of self-defense, but was still entitled to defend himself against a deadly assault, and, if he only did this, he was not guilty.

Surely, there can be no denial of the principle of law here invoked, and whatever may be the true deduction from the evidence, there is certainly enough of dispute and doubt, to entitle the accused to have his view of it fairly submitted to the jury, to be disposed of by it, and not adversely by the court.

*Reversed and remanded.*