## Mrs. M. S. McGahey v. J. D. McGraw.

### [56 South. 397.]

Husband and Wife.  *Action to charge wife's estate.  Burden of proof.*

In a suit seeking to charge the separate estate of the wife for goods purchased by her husband, the burden of proof is on the plaintiff to show that the articles purchased by the husband, were for the use and benefit of the business transacted by him with his wife's property.

Appeal from the circuit court of Winston county.
Hon. G. A. McLean, Judge.

Suit by J. D. McGraw against W. E. McGahey and M. S. McGahey, his wife.  From a judgment for plaintiff, Mrs. M. S. McGahey appeals.

The appellee, McGraw, brought suit in the justice court against W. E. McGahey and his wife, Mrs. M. S. McGahey, for merchandise sold W. E. McGahey and charged to him on the books of appellee.  W. E. McGahey confessed judgment, and judgment was rendered against both defendants, whereupon Mrs. M. S. McGahey appealed to the circuit court, where the trial resulted in a verdict against her.  From a judgment for the amount sued for, she appeals, assigning as error the refusal of the court to give a peremptory instruction in her favor.

The testimony shows that Mrs. M. S. McGahey owned a small farm, which was the homestead, and that W. E.

McGahey leased a tract of land from the Sumpter Lumber Company. McGahey testifies that the articles embraced in the account sued on were used on the leased property, and not on the homestead, and that he was not acting as his wife's agent, or by her authority, and that no part of the goods were used for her benefit, or on her property. This testimony is undisputed. McGraw admits that he dealt with W. E. McGahey, and charged the goods to him, but that afterwards, when he found the home place belonged to Mrs. McGahey, he charged the goods to her. He admits that there was no representation made by McGahey that he was acting for his wife, but that he bought the goods and charged them to himself, without advising appellee what he expected to do with them.

### *H. H. Rodgers,* for appellant.

The appellee sued the appellant and her husband, W. E. McGahey, in justice court for the sum of one hundred and ninety-five dollars and fifty-three cents for articles sold and charged on the books to W. E. McGahey. W. E. McGahey, appellant's husband, confessed judgment in justice court for said sum and judgment was entered up against W. E. McGahey and M. S. McGahey, and the appellant, M. S. McGahey, executed her proper appeal bond to the circuit court, where said trial resulted in a verdict for appellee against appellant, M. S. McGahey, from which judgment she appeals, she being the only appellant disclosed by the record. Nothing in the evidence in this case even intimates that the husband of appellant used any of the articles purchased from appellee for the benefit or upon the place or property of appellant, and it is clearly laid down as a fixed precedent, in the jurisprudence of this state, that to make the wife an undisclosed principle of the husband as agent under section 2521, Code of 1906, that one of three conditions must exist:

First.  That the goods purchased were used on the wife's place and to her benefit, or,

Second.  That the husband was acting as the authorized agent of appellant, or,

Third.  That the wife was the undisclosed principle of the husband.

"The wife is liable for so much of the goods as were used in the business transacted on her plantation, and the burden of proof is on the creditor to show that items of his account are of that character." *Porter* v. *Staten,* 5 So. Rep. 487.

In the case at bar the appellee utterly failed to prove that W. E. McGahey used any of the goods bought from appellee on the place of appellant, or that she in any way received any benefit whatsoever by the use of said goods.

*Jones & Jones,* for appellee.

This case falls clearly within the precedent established in the case of *Isidor Gross* v. *Lizzie Pigg,* 73 Miss. 286. McGahey's agency arose under section 2521, Code of 1906, having run and controlled the place during the years 1906 and 1907, and such a course makes the husband the wife's agent under the statute when without notice to McGraw.  The question as to whether or not the goods were used upon the place of the wife is based upon a question of veracity and belief; it is true there is but slight evidence that the goods were used upon the wife's place, however, the jury thought this evidence, which was, from its character being such matter as parties could easily conceal, if inclined to do so, considered by the jury as stronger than the positive statement of the appellants in contradiction.  The great improbability of W. E. McGahey conducting a separate business from that of his wife, the exceeding unlikelihood of his buying goods at credit prices to sell again, the improbability of buying on credit when his wife was supplied with cash,

the evident untruth of the entire testimony, the jury had a right to weigh, and evidently did weigh in reaching their verdict, and being right and just should not be disturbed.

In this case the husband, W. E. McGahey, was dealt with as agent for M. S. McGahey, and where such goods as would fall within the apparent scope of his authority to purchase, and such as are used in supplying such a place as the wife owned, and the creditor could not be chargeable with seeing to the proper application of the goods bought, and, indeed, with the undisclosed character of the relations, he could not by any power ascertain with certainty their application; an agent acting for his principal, buying goods and acting for himself, also, buying goods, the creditor not knowing the relation between the agent and his principal and relying upon appearances only, it is only incumbent upon McGraw to show that the purchases made were within the apparent scope of his authority to make, and this is shown by all the evidence, and were such as would be used upon the place operated by W. E. McGahey for his wife, M. S. McGahey, which the evidence shows clearly.

Smith, J., delivered the opinion of the court.

The burden of proof was upon the plaintiff in the court below to show that the articles, purchased by the husband, were for the use and benefit of the business transacted by him with his wife's property. *Porter & McRae* v. *Staten*, 64 Miss. 428, 1 South. 487. This burden he wholly failed to meet.

*Reversed and remanded.*