348 So.2d 1019 (1977)
Dave HARKINS and N.A.B. Trucking Company
v.
W. E. PASCHALL.
No. 49505.
Supreme Court of Mississippi.
August 10, 1977.
*1020 *1021 Jacobs, Griffith & Povall, Charles C. Jacobs, Jr., Cleveland, Allan D. Shackelford, Clarksdale, for appellants.
Sullivan, Smith, Hunt & Vickery, Charles L. Sullivan, Clarksdale, for appellee.
Before PATTERSON, SMITH and LEE, JJ.
LEE, Justice, for the Court:
The Circuit Court of Coahoma County entered judgment in favor of W.E. Paschall in the sum of forty-seven thousand five hundred dollars ($47,500) against Dave Harkins and N.A.B. Trucking Company as damages resulting from a truck-automobile collision. N.A.B. and Harkins appeal and we affirm.
Appellants contend that the lower court committed the following errors in the trial of the case:
(1) The court erred in applying sanctions against N.A.B. Trucking Company, cutting off its defense of no agency.
(2) The court erred in granting appellee's Instruction No. 9.
(3) The court erred in instructing the jury that the driver of the truck in question was the agent of appellant Harkins at the time of the accident.
(4) The verdict of the jury was so excessive as to evince bias and prejudice.
On July 8, 1973, appellee, accompanied by Mrs. Paschall, was driving his automobile to church. He was traveling at a speed of approximately forty (40) miles per hour when a tractor-trailer truck driven by Larry Hayes ran into the rear of his vehicle, knocked it off the highway, caused it to turn over several times, and injured Paschall and his wife. The tractor was owned by Harkins and was leased to N.A.B. The trailer was owned by N.A.B.

I.

Did the court err in applying sanctions against N.A.B. Trucking Company, cutting off its defense of no agency?
Appellee filed his suit May 15, 1975, and directed interrogatories to N.A.B. which were served on May 28, 1975; answers were due by June 29, 1975. On July 17, 1975, appellee's attorney contacted N.A.B.'s attorney reminding him that the interrogatories had not been answered. The responses were filed on July 30, 1975, only five (5) *1022 days (which included Saturday and Sunday) before the trial date of August 4. The answers were evasive and unresponsive to the questions. Some of the interrogatories were answered by simply setting forth the words "Motion to quash" without stating a reason for the motion. The interrogatories were not taken under oath of the party as requested, but were signed by the attorney for N.A.B. Before trial, appellee moved the court for an order declaring the driver Hayes to be the agent of N.A.B. because of willful failure to comply with Mississippi Code Annotated § 13-1-51 (1972), which provides:
"If the testimony of a party to the suit be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor. If he fails to answer such interrogatories within thirty (30) days after service thereof, or within such further time as the court, for good cause shown, may allow, his plea shall be dismissed, if he be plaintiff or complainant, and if he be defendant his plea or answer may be taken off the file and judgment by default entered, or the bill be taken as confessed."
The statute is highly penal in nature and a violation must be clearly manifested before the penalty (sanctions) may be inflicted. Keathley v. Hancock, 212 Miss. 1, 53 So.2d 29 (1951); Givens v. Southern Express Co., 106 Miss. 834, 64 So. 737 (1914).
The penalty should be applied only where a party has had time to answer the interrogatories and willfully neglected or declined to do so. Where a party's failure to answer is not intentional, the court is not justified in imposing sanctions. A.J. Higgins Lumber & Export Co. v. Price, 120 Miss. 123, 81 So. 787 (1919); Hibernia Bank & Trust Co. v. Beech, 117 Miss. 668, 78 So. 609 (1918). However, the trial court has considerable discretion in matters relating to discovery and its order will not be disturbed unless there has been an abuse of that discretion. Paulk v. Housing Authority of City of Tupelo, 228 So.2d 871 (Miss. 1969).
The answers to Interrogatories No. 29 [Appendix I] and No. 30 [Appendix II] (directed to the issue of agency) were so evasive and unresponsive that they constituted a willful refusal to answer same. Such failure to answer was crucial to appellee's case, and the trial court did not abuse its discretion in applying the penalty provided under Section 13-1-51 and in entering default on the question of agency.

II.

Did the trial court err in granting appellee's Instruction No. 9?
Instruction No. 9 is as follows:
"The Court instructs the jury that if you find for the Plaintiff in accordance with the other instructions given you by this Court, then the Defendants may be liable for harm to the Plaintiff although a preexisting physical condition of the Plaintiff, not known to their agent, makes the injury, if any, and the resulting damages, if any, to the Plaintiff greater than that which the Defendants or their agent should have foreseen."
In Tri-State Transit Company v. Martin, 181 Miss. 388, 179 So. 349 (1938), this Court, quoting from Section 461, Restatement of Torts, stated:
"`The negligent actor may be liable for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct.' Section 461, Restatement of Torts." 181 Miss. at 398, 179 So. at 351.
Instruction No. 9 referred to "other instructions given you by this Court." The court granted Harkins' Instruction No. D1-5 which in substance stated:
"The Court instructs the jury that damages must be reasonable. You may award the Plaintiff only such damages as will fairly and reasonably compensate him for the injuries or damages which you believe from a preponderance of the *1023 evidence he has sustained as a proximate result of the accident... ."
The court also granted N.A.B. Instruction No. 2-D-2 which is as follows:
"The Court instructs the jury that the burden is on the Plaintiff to prove by a preponderance of credible evidence that the Plaintiff has sustained damages as a proximate result of the negligence of Hayes, and such damages, if any, cannot be established by mere surmise, conjecture, or speculation."
Instruction No. P-5 told the jury that it could compensate plaintiff for damages and injuries, if any, which the jury believed from a preponderance of the evidence was sustained as a result of the collision, and it set forth certain elements of damages that could be taken into consideration by the jury.
We are of the opinion that all instructions considered together, along with Instruction No. 9, properly and adequately instructed the jury on the issues and this assignment is without merit. However, the Bench and Bar are reminded that the use of an abstract principle of law from one case, without applying it to the specific facts of the case under consideration, may invite reversible error.

III.

Did the trial court err in instructing the jury that the driver of the vehicle in question was the agent of Harkins at the time of the accident?
Harkins testified that the driver (Hayes) was accepted by him after N.A.B.'s requirements for a driver were met, that he could have refused to allow Hayes to drive the truck, that Hayes was engaged in the business of N.A.B. but that Harkins received compensation for the use of the truck, that Harkins paid the driver after withholding federal and state income taxes and social security taxes, that Hayes was his employee and that he had the authority to terminate Hayes' employment, even though N.A.B. determined the origination point of the trip and the route to be taken by the driver. Hayes testified that Harkins hired him and paid him for his work, gave instructions as to what he should do, furnished expense money for the trip, and had the right to fire him.
Harkins contends that Hayes was not his agent, but, rather, was the agent of N.A.B., and he relies on Runnels v. Burdine, 234 Miss. 272, 106 So.2d 49 (1953). In that case, Burdine furnished his dragline, its operator (Kelly) and fuel to Longview for the sum of twelve dollars fifty cents ($12.50) per hour. Longview had the right to, and did, control and direct Kelly's work on the premises where construction was underway, while Burdine had no such right. This Court held that Kelly was the agent of Longview rather than Burdine.
The service performed by driver Hayes was controlled (or subject to control) by Harkins as well as N.A.B., and the relationship of agency existed between them. Texas Co. v. Mills, 171 Miss. 231, 156 So. 866 (1934). A servant may be the agent of two masters who are not joint employers. Biggart v. Texas Eastern Transmission Corp., 235 So.2d 443 (Miss. 1970); Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965).
On the uncontradicted testimony of Harkins and Hayes, the trial court correctly instructed the jury that Hayes was the agent of Harkins.

IV.

Was the verdict of the jury so excessive as to evince bias and prejudice?
Appellant and his wife were fifty-five (55) and sixty-five (65) years of age, respectively. He was confined in the hospital for a period of eighteen (18) days and was in traction four (4) days of that time; he wore a cervical collar for a period of six (6) months after his release from the hospital; he suffered a back sprain and an acute cervical sprain resulting in a fifteen percent (15%) partial disability. Previously, appellant had an operation for a malignancy and muscles of his neck were removed. The injury aggravated that condition. He suffered pain and was suffering pain at the *1024 time of the trial, his medical expenses totaled one thousand three hundred thirty-six dollars seventy-four cents ($1,336.74), and he lost two months' wages at eight hundred fifty-four dollars ($854.00) per month base pay. His automobile valued at six hundred dollars ($600.00) was totally destroyed.
Appellee sought loss of consortium as an element of damages. Consortium includes companionship and society of a wife along with loss of her services. She was hospitalized for forty-four (44) days, and was unable to perform her household duties for a period of ten (10) months to one (1) year. Thereafter, she could do only light housework. She could not accompany appellee to church and on trips, nor could she engage in other activities which she and appellee had enjoyed together prior to the accident.
N.A.B. argues that the court, in permitting detailed evidence about Mrs. Paschall's injuries, influenced the jury to compensate her, as well as appellee, when she had previously compromised her claim. However, in order to show the incapacity of one spouse to perform the customary and usual duties involved in the marital relationship, it is necessary to show the extent of the injuries which caused that incapacity.
It is the province of the jury to determine damages and, unless the verdict is so excessive as to indicate bias, passion and prejudice on their part, that verdict will not be disturbed by this Court. The question is not what the Court would have done had it been sitting as a jury, but whether or not the verdict violates the rule of law stated. We are unable to say that this verdict was so large as to evince bias, passion and prejudice on the part of the jury. Farmer v. Smith, 207 So.2d 352 (Miss. 1968); Morton Broiler Farms, Inc. v. Morgan, 191 So.2d 137 (Miss. 1966).
Appellant Harkins argues that the trial court erred in admitting mortality tables in evidence. Since it was not assigned as required by Supreme Court Rule 6(b), we do not consider it here.
For the reasons stated, there being no prejudicial errors in the record, the case is affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and BOWLING, JJ., concur.

APPENDIX I

Answer to Interrogatory No. 29
"29. Did N.A.B. receive any benefit from the use of your tractor on July 8, 1973, or would it have done so if the collision had not occurred.
Answer: I do not understand the question."

APPENDIX II

Answer to Interrogatory No. 30
"30. State what control, if any, N.A.B. had over the driver, Larry G. Hayes, on the date of the accident, as to:
(a) The origination point for the particular trip;
(b) The cargo or freight that was to be loaded and transported naming the shipper;
(c) The route to be followed on the trip;
(d) The destination and the unloading point for the cargo;
(e) Determination of the place to which the driver would proceed with the tractor and trailer unit after reaching the original destination.
Answer: (a) This question is unclear.
(b) There was no freight or cargo on the trailer.
(c) Route selected by driver.
(d) The driver was probably told by Mr. Harkins what the destination was.
(e) The driver already knew this."