This case comes on appeal from the Chancery Court of Washington County, Mississippi, from a final judgment on a jury verdict in favor of the contestants and against the proponents of the Will of Joseph A. Lawler, Deceased. When this case was tried the first time the chancellor entered a directed verdict in favor of the proponents. On November 18, 1981, this Court reversed in the case of Weston v. Estate of Joseph A. Lawler, 406 So.2d 31 (Miss. 1981). The case was tried again before a jury and after five days of testimony that jury returned a general verdict in favor of the contestants, setting aside the November 20, 1979, will of Joseph Lawler. Appellants assign eight errors and appellees cross-appeal and assign as cross-assignments of error that the lower court erred in refusing to direct a verdict for the appellees and that the lower court erred in refusing to instruct the jury to return a verdict for the contestants of the will.
Appellees sought to set the will aside with both barrels of their shotgun — undue influence and lack of testamentary capacity. Where a will is subject to this dual attack and the jury returns a general verdict, the principles announced by this Court in Blalock v. Magee, 205 Miss. 209, 38 So.2d 708 (1949), are dispositive.
In Blalock, the will was also attacked because of undue influence and lack of testamentary capacity. Citing Sheehan v.Kearney, 82 Miss. 688, 21 So. 41 (1896), one of the leading cases in this country on the issue, the Blalock Court said that in a will contest on the grounds of undue influence and lack of testamentary capacity the "issue is single, — will or no will."Id. at 246, 38 So.2d at 712. The Court then concluded that, where a declaration contains two counts which both lead to the same liability, a general verdict is sufficient if sustained under either count. 205 Miss. at 247, 38 So.2d 712.
In these circumstances, it is incumbent upon the proponents of the will to prove both the lack of undue influence as well as the requisite testamentary capacity. Should they fail in either one, then they have lost their case, notwithstanding error in the other. *Page 741 
Most of appellants' assignments of error here concern the charge of undue influence. After meeting their initial burden of proof, the proponents admitted the existence of a confidential relationship. Under the case law of our state, the existence of a confidential or fiduciary relationship, coupled with a showing of "suspicious circumstances" such as the fact that a beneficiary or person who benefits by the will took part in the execution or preparation of the will, gives rise to a presumption of undue influence. Croft v. Alder, 237 Miss. 713, 723, 115 So.2d 683, 686 (1959). In the area of wills, this entire question has been addressed in the scholarly opinion of Justice Prather in Harrisv. Sellers, 446 So.2d 1012 (Miss. 1984), and as it affects deeds, Justice Prather has elaborated on the doctrine in Murrayv. Laird, 446 So.2d 575 (Miss. 1984). We first discuss the assignments of error directed to the issue of lack of testamentary capacity.
In assignment four, appellants urge that the chancellor erred in refusing their instruction P-13 and alternate instruction P-13A, and in assignment 5, they urge error by the chancellor in refusing appellants' instruction P-14. Instruction 13 is a "boiler plate" instruction purporting to set forth the law on who might make a will. It is well settled that jury instructions which are mere abstract principles of law and which are not applied to the specific facts of the case should not be given.Harkins v. Paschall, 348 So.2d 1019, 1023 (Miss. 1977); Freezev. Taylor, 257 So.2d 509, 511 (Miss. 1972). Not only is instruction 13 an abstract principle of law but it is also erroneous in that it fails to take into account Mississippi Code Annotated § 91-5-1 (Supp. 1983), which provides that in addition to being over 18 years of age the testator must also be of sound and disposing mind. Therefore, the instruction was properly refused.
Instruction P-13A is an effort to correct the oversight cited above in instruction P-13. It is a correct recitation of the law but is not, however, applied to the specific facts of the case and as such is also merely an abstract principle of law. Harkinsv. Paschall, supra; Freeze v. Taylor, supra. This instruction was properly refused.
It is urged that the chancellor's refusal to give requested instruction P-14 which sought to inform the jury that they did not have the authority to decide how and to whom the testator should have left his property was error because it left the jury uninstructed that it was their duty to decide the case on the evidence, applying the law as given by the trial court, and not to rewrite the will of Joseph Lawler. To adopt this position would be to ignore jury instruction C-1 which amply instructed the jury that it was their duty to determine the facts and determine them from the evidence produced in open court, and further to ignore the granting of instruction C-6, which required the jury to uphold the will should they find that deceased was of disposing mind and was not unduly influenced. Instructions are meant to be read together. If that is done in this case then the conclusion is inescapable that the jury was fully and adequately instructed on this point and the court was not in error in refusing to grant instruction P-14.
In their eighth assignment, appellants contend that the granting of instruction R-24 which instructed the jury as to the effect of the Dead Man's Statute was erroneously given. First they contend that the instruction should not have been given because the appellants could have waived the disability under the statute and because appellees never called any of the contestants to testify. Second, appellants contend that since one of the proponents testified by interrogatories this instruction left the inference that she was not truly a beneficiary under the will. Appellees do not argue that the instruction is not a mere abstract principle of law, though under Harkins v. Paschall,supra, and Freeze v. Taylor, supra, it clearly is. However, assuming but not deciding that both points raised by appellants are true, and accepting that the instruction is not a mere abstract principle of law, the question remains: Does the *Page 742 
error require reversal? We hold that it does not. If error it be it is harmless error and under Supreme Court Rule 11 reversal is not required. This is true because the instruction "cuts both ways" and applies equally to both sides. Moreover, it has little or no effect on the two issues at trial, the question of undue influence and lack of testamentary capacity, nor does it substantially prejudice the rights of the appellants. As we cannot say that this instruction misled the jury as to the real issues on which they had to pass, reversal is not required.Danner v. Mid-State Paving Co., 252 Miss. 776, 173 So.2d 608
(1965).
The last assignment of error which deals with testamentary capacity is that part of appellant's seventh assignment of error dealing with jury instruction R-16. It is argued that instruction R-16 was erroneously given because it is contrary to the weight of the evidence. We point out that both appellants and appellees in their brief on this point misquote instruction R-16 as R-15. However, instruction R-15 deals with undue influence and not testamentary capacity and was in fact refused. We therefore assume that appellants meant to discuss R-16 which instructs the jury on the question of testamentary capacity. That being so, the record in this case amply supports the giving of instruction R-16, and also supports a finding by the jury that the testator lacked testamentary capacity on November 20, 1979. On this record, the evidence on this issue was hopelessly conflicting and we have held many times that the sorting of this type conflict is a task peculiarly for the jury. Shelton v. Coleman,323 So.2d 90, 91 (Miss. 1975). The task was properly submitted to the jury and the jury did its duty. There is no merit to this assignment.
As we find no merit in any of the assignments of error dealing with the question of the testamentary capacity, then under our holding in Blalock v. Magee, supra, that appellants must show error in both issues in order to have a general verdict reversed, it is necessary that the verdict of the jury in this case setting aside the will be affirmed. However, it is not inappropriate for us to discuss the assignments of error dealing with the issue of undue influence.
In their first assignment of error, appellants contend that the chancellor erred in excluding the proffered testimony of Paul Horne as to his knowledge of what other members of the Jackson family, his wife, Linda Jackson, and Thyra Crosby knew of the assets or estate plan of the deceased. A timely objection was sustained to that question and the appellant then made a proffer of the witness's testimony. The only question asked of the witness to which an objection was sustained concerns what the witness had told others out of court. Such out-of-court declarations are hearsay and as such are not admissible. Furthermore, after the objection was sustained and the proffer made outside the presence of the jury, appellant never attempted to pursue the matter. The chancellor was never given an opportunity to fully rule on the matter and on this record should not be put in error thereby.
In appellants' second assignment of error, it is urged that the chancellor erred in excluding the opinion testimony of Dr. David B. Keddy that the aggravation resulting from the lawsuit of Horace Henry, half-brother of the deceased, caused or hastened the illness and death of the deceased. Appellants urge that the exclusion of this testimony prevented them from explaining why Dr. Keddy, at Lawler's direction, excluded certain relatives from visitation privileges with Lawler, the deceased, while he was in the hospital. As the chancellor correctly pointed out, the cause of death or what may have induced it is irrelevant to the issues before the court, undue influence or lack of testamentary capacity. It further appears from the record that the appellants were able to elicit from Dr. Keddy the very points which they claim were excluded from the jury. Therefore this assignment of error is without merit.
In appellants' third and sixth assignments of error, it is contended that the chancellor erred in granting instructions *Page 743 
C-6 and R-12. It is argued that these instructions resulted from a too literal following of this Court's decision in the first appeal, Weston v. Estate of Joseph A. Lawler, supra. The thrust of this argument is that while the beneficiaries may have been liable for the alleged undue influence of Horne, their burden of rebutting any presumption of undue influence by clear and convincing evidence should be limited only to those acts arising from the circumstances of Horne's confidential relationship. InWeston, supra, this Court found that the confidential relationship existing between Horne and Lawler had extended to several of the beneficiaries under the will and noted that "[u]ndue influence over a testator, while not exercised by a beneficiary under the will, may be done through an agency or a third person." Weston, supra at 34. We then found that "the proponents . . . had a duty to meet that burden by clear and convincing evidence." Id. This is so because Horne not only occupied a position of fiduciary to Lawler, but also had been actively involved in the preparation and execution of the will.Croft v. Alder, supra. Since the issue here is will or no will it was incumbent upon all the beneficiaries to disprove undue influence by clear and convincing evidence. While we concede that instructions R-12 and C-6 may be inartfully drawn, they are not erroneous.
The remaining part of the seventh assignment of error urges that the chancellor erred in granting instructions C-6, R-12 and R-21 as they were contrary to the overwhelming weight of the evidence.
As a confidential relationship existed between Horne and Lawler, and as Horne was concerned with the preparation and execution of the will, the burden devolved upon appellants to prove by clear and convincing evidence the lack of undue influence. This presumption of undue influence can be overcome by clear evidence of good faith, of full knowledge, and of independent counsel and action. Hendricks v. James,421 So.2d 1031, 1043 (Miss. 1982); Harris v. Sellers, supra; and Murrayv. Laird, supra.
On the conflicting evidence in this record, it cannot be said that the appellants met their burden by clear and convincing evidence. In such circumstances the resolution of this conflict is for the jury. Shelton v. Coleman, supra. There is no merit to this assignment.
For the same reason, the two cross-assignments of error cited by appellees urging that a directed verdict should have been given on the issue of undue influence, are also without merit.
We find no error on the issue of undue influence. As we are faced with a general verdict in favor of the contestants and as we have found no error on the issue of lack of testamentary capacity and no error on the issue of undue influence, the jury's verdict must be affirmed. This will be so under Blalock v.Magee, supra, where either one of the two issues was properly submitted to the jury. Here they both were.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, and PRATHER, JJ., concur.
ROBERTSON, J., not participating.