493 So.2d 1299 (1986)
Robert Earl McREE
v.
Holloman M. RANEY.
No. 55754.
Supreme Court of Mississippi.
September 3, 1986.
*1300 Robert W. Camp, H.A. Courtney, Jackson, for appellant.
Thomas H. Suttle, Jr., Daniel, Coker, Horton & Bell, Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
WALKER, Chief Justice, for the Court:
Robert Earl McRee brought suit against Holloman M. Raney in the Circuit Court of the First Judicial District of Hinds County for injuries arising out of an automobile accident. The jury returned a verdict for Raney, and McRee appeals.
At approximately 7:00 p.m. on April 14, 1983, McRee, a Jackson police officer, was driving a police motorcycle west on Northside Drive in Hinds County. Raney was driving his automobile east on the same street. As the two approached an intersection from opposite directions, Raney prepared to turn left. The testimony indicates that before McRee reached the intersection, Raney, who did not see McRee's motorcycle, began his left turn. As Raney was making his turn, he saw the motorcycle and stopped. By Raney's own testimony his automobile, at the time he stopped, was three (3) to four (4) feet across the center line into McRee's lane. When Raney first saw McRee's motorcycle, McRee was approximately forty (40) feet from Raney's automobile.
McRee, who suffered a blow to the head, had no memory of the accident. Raney testified that once he saw the motorcycle, he remained where he was, hoping the motorcycle would go around his automobile in one direction or the other. According to Raney's testimony, McRee first appeared to begin an attempt to go behind the automobile to the south (To McRee's left, across the center line). Then McRee apparently changed his mind and attempted, instead, to go around the front of the automobile (to McRee's right). Raney testified that in attempting to change directions, McRee lost control of the motorcycle. McRee struck Raney's automobile and was injured. Raney sustained no injuries.
After trial the jury returned a verdict in favor of Raney. From the judgment in favor of Raney, McRee appeals, making four (4) assignments of error. We need consider only the first.

DID THE TRIAL COURT ERR IN NOT GRANTING McREE A PEREMPTORY INSTRUCTION ON THE ISSUE OF RANEY'S LIABILITY?
McRee contends that Raney was negligent by virtue of having violated § 63-3-603, Mississippi Code Annotated (1972)[1] which reads as follows:
Whenever any roadway has been divided into three or more clearly marked lanes for traffic the following rules in addition to all others consistent herewith shall apply:
1. A vehicle shall be driven as nearly as practical entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
Relying on this statute, McRee requested Instruction P-2, "The Court instructs the jury that the defendant, Holloman M. Raney, was negligent as a matter of law." Although the instruction did not completely state the law, Holloman M. Raney was indeed negligent as a matter of law, and because the instruction was refused, we reverse and remand for a new trial.
We hasten to add that Raney was not, as McRee urges, liable as a matter of law. Violation of a statute, when the resulting injury is of the type the statute is intended to prevent, and when the plaintiff is in the category of persons the statute is designed to protect, establishes negligence. Haver v. Hinson, 385 So.2d 605 (Miss. 1980); Robinson v. Howard Bros., 372 So.2d 1074 (Miss. 1979). Once negligence has been thus established, it still remains to be shown that the negligence was the proximate cause of the injury and resulting damages. Thus negligence alone does not *1301 establish liability. Negligence which is the proximate cause of an injury and damages must be shown in order to establish liability. Barkley v. Miller Transporters, Inc., 450 So.2d 416 (Miss. 1984); Pargas of Taylorsville, Inc. v. Craft, 249 So.2d 403 (Miss. 1971).
As noted above, although Raney was negligent as a matter of law, the proffered instruction did not provide the jury with the necessary guidelines to aid them in applying the law to the facts. A proper instruction should not merely state abstract principles of law, but should also apply those principles to the facts of the case in order to provide the jury with guidelines. Estate of Lawler v. Weston, 451 So.2d 739 (Miss. 1984); Harkins v. Paschall, 348 So.2d 1019 (Miss. 1977).
The statute which would be a more appropriate basis for an instruction in this case is § 63-3-803, Mississippi Code Annotated (1972), which requires a driver turning left at an intersection to yield the right-of-way to traffic approaching from the opposite direction. Nevertheless, the statute cited in McRee's brief was violated, and that violation was sufficient to warrant an instruction on negligence as a matter of law.
The following instruction is less abstract, and would more completely state the law than the proffered instruction:
The Court instructs the jury that the defendant, Holloman M. Raney, was negligent as a matter of law in that he violated section 63-3-603 of the Mississippi Code by moving into the lane of oncoming traffic without first determining that such movement could be made with safety.
The Court further instructs the jury that if you find from a preponderance of the evidence in this cause that the defendant's failure to comply with this statute was the sole proximate cause or proximate contributing cause of plaintiff's injuries, then your verdict shall be for the plaintiff.
However, if you believe that the plaintiff has failed to prove by a preponderance of the evidence that the defendant's negligence was the sole proximate cause or proximate contributing cause of the plaintiff's injuries, then your verdict shall be for the defendant.
Mississippi Model Jury Instructions, Mississippi Circuit Court Judges Association and the Mississippi Judicial College, 1977.
Since Raney was negligent as a matter of law and the proffered instruction to that effect was refused, we reverse and remand for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, P.J., HAWKINS, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
NOTES
[1] This statute has since been amended. See 1985 Supplement to Mississippi Code.