SULLIVAN, Justice, for the Court:
This appeal arises from a jury verdict that Baylis was not the father of a child born to Deborah Cranmer.
I.
WAS IT ERROR TO OVERRULE CRANMER’S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR A NEW TRIAL?
Under the authority of Adams v. Green, 474 So.2d 577 (Miss.1985), there is no merit to this assignment of error.
II.
WAS IT ERROR TO ALLOW TESTIMONY ON THE BAPTISMAL RECORD TO CONTRADICT CRANMER ON AN IMMATERIAL AND IRRELEVANT MATTER?
Even under the test set forth in Price v. Simpson, 205 So.2d 642 (Miss.1968), Baylis had the right to contradict Cranmer and impeach her if in so doing he was attempting to show bias, motive, or intent as affecting the credibility of the testimony of Cranmer. This is authorized by the authority of Palmer v. Clarksdale Hospital, 213 Miss. 601, 57 So.2d 473 (1952). See also *978 Miskelley v. State, 480 So.2d 1104 (Miss.1985), and Stringer v. State, 477 So.2d 1335 (Miss.1985). There is no merit to this assignment of error.
III.
WAS IT ERROR TO GRANT INSTRUCTIONS D-l, D-2 AND D-6?
We have read all of the instructions in this case including those granted for the plaintiff and when that is done we inescapably conclude that it was not error to grant Instructions D-l, D-2, and D-6.
The test is that all jury instructions must be read as a whole to determine whether or not the jury was correctly instructed. See Jackson v. Griffin, 390 So.2d 287, 290 (Miss.1980); Lawler v. Weston, 451 So.2d 739 (Miss.1984).
There is no merit to this assignment of error.
The judgment of no filiation and no child support is hereby affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, ANDERSON and GRIFFIN, JJ., concur.