KING, C.J.,
for the Court.
¶ 1. Kenneth McKlemurry was indicted on four counts of possession with intent to distribute a controlled substance. He was convicted by a Pike County Circuit Court jury on the lesser-included offense of four counts of unlawful possession of a controlled substance and sentenced to fifty-two years in the custody of the Mississippi Department of Corrections, with twenty-two years to serve and thirty years on post-release supervision. He appeals raising the following issues:
I. WHETHER THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S OBJECTION TO THE STATE’S FORM OF THE VERDICT INSTRUCTION.
II. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT’S PROPOSED JURY INSTRUCTION REGARDING THE SOLDIERS AND SAILORS CIVIL RELIEF ACT.
III.WHETHER THE COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR A FRANKS HEARING AFTER DEFENDANT PROVIDED EVIDENCE PROVING THE REQUISITE PRELIMINARY SHOWING THAT A FALSE STATEMENT KNOWINGLY AND INTENTIONALLY, OR WITH RECKLESS DISREGARD FOR THE TRUTH, WAS INCLUDED IN THE AFFI-ANT’S SEARCH WARRANT AFFIDAVIT.
Finding no reversible error, we affirm.
FACTS
¶ 2. On the evening of December 30, 2003, Amite County Sheriffs Deputy Tim Wroten was at a confidential informant’s home in Pike County regarding an employee of the informant. During this visit, the telephone rang. Wroten testified that the name on the caller I.D. was that of Kenneth McKlemurry. Wroten further testified that the informant advised Wroten to pick up another telephone and listen in on the conversation. Chris Haas, the caller, told the informant that McKlemurry’s brother, Robert, had prescriptions pills and marijuana at McKlemurry’s house, and that “they” had it for sale. Wroten testified that the caller identified himself as Chris, and the informant later told Wro-ten the caller’s last name was Haas. Wro-ten then contacted Agent Chris Powell with the Mississippi Bureau of Narcotics to relay the information. Powell obtained a search warrant, and found the controlled substances in a safe in McKlemurry’s home.
*990 ISSUES AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT’S OBJECTION TO THE STATE’S FORM OF THE VERDICT INSTRUCTION.
¶ 3. In reviewing jury instruction issues, this Court reads the instructions together as a whole. Miller v. State, 919 So.2d 1137, 1141(¶ 12) (Miss.Ct.App.2005). No reversible error will be found to exist if, when read together, the instructions correctly state the law and effectuate no injustice. Id.
¶ 4. McKlemurry was indicted for violating Mississippi Code Annotated § 41-29-139(a)(2) (Rev.2005), which prohibits, among other activities, knowingly or intentionally possessing a controlled substance with the intent to distribute. McKlemur-ry’s indictment, however, stated that he “willingly, unlawfully, feloniously, and knowingly” possessed a controlled substance with the intent to distribute. Rather than tracking the language of the indictment, the form of the verdict instruction tracked the language of the statute, and instructed the jurors that, if they believed that McKlemurry knowingly possessed the drugs with intent to distribute, they may find him guilty of the crime charged. McKlemurry argues that by omitting willingly, unlawfully, and feloniously from the form of the verdict instruction, the State was allowed to prove less than what was charged in the indictment. Specifically, McKlemurry argues that the State should have been required to prove that the possession was felonious.[1] However, so long as the State proved that McKlemurry knowingly possessed the drugs in question, he in fact committed a felony according to Mississippi Code Annotated § 41-29-139. Therefore, we find that the language “willingly, unlawfully, feloniously” in the indictment was mere surplusage, and the fact that the form of the verdict instruction omitted this surplusage was not erroneous as it created no injustice.
II. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT’S PROPOSED JURY INSTRUCTION REGARDING THE SOLDIERS’ AND SAILORS’ CIVIL RELIEF ACT.
¶ 5. McKlemurry argues that the exchange at trial between the prosecutor and Haas regarding the status of Haas’ criminal case was a misstatement of the law which prejudiced McKlemurry by influencing the amount of weight the jury gave to Haas’ testimony.[2] McKlemurry asserts that the misstatement of law was made to falsely illustrate that Haas was not receiving preferential treatment by the State in exchange for his testimony.
Q. What is the status of your case now?
A. It’s been put on hold until I get back from Iraq.
Q. That’s pursuant to the Soldier’s [sic] and Sailor’s [sic] Relief Act?
A. Yes, sir.
Rather than making a contemporaneous objection to the prosecutor’s misstatement *991 of law, McKlemurry offered instruction D9 which stated, “This Court instructs the Jury that, as a matter of law, the Soldiers and Sailors Civil Relief Act of 1940 does not apply to criminal cases.” This instruction was refused by the court.
¶ 6. The purpose of jury instructions in a criminal case is to inform the jury of the critical facts and applicable law on which the issue of guilt may be resolved. Edwards v. State, 755 So.2d 443, 446(¶ 12) (Miss.Ct.App.1999) (citing Lamar v. State, 64 Miss. 428, 1 So. 354, 355 (1887)). “The obligation of the trial court is to see that the jury is fully instructed on the applicable law. It is not to give every instruction requested by either party merely because the instruction is arguably a correct statement of some abstract legal principle.” Langdon v. State, 798 So.2d 550, 559(¶ 27) (Miss.Ct.App.2001) (citing Turner v. State, 748 So.2d 706(¶ 7) (Miss.1999); Estate of Lawler v. Weston, 451 So.2d 739, 741 (Miss.1984)). Although proposed jury instruction D9 correctly states the law, it could not aid the jury in determining a material issue in the case. Rather, McKlemurry offered the instruction in an attempt to call Haas’ credibility into question, since McKlemurry believed that Haas’ was testifying against him and against Haas’ own self-interest in exchange for favorable treatment from the State, rather than anything having to do with the Servicemembers’ Civil Relief Act. Haas’ credibility, however, was a collateral issue in the case, which could have been properly attacked through rigorous cross-examination. We find that since instruction D9 could not assist the jury in resolving a material issue in the case, it was properly refused by the trial court. Furthermore, the instruction- may have also been properly refused as an impermissible comment on the weight of the evidence. See Mississippi Code Annotated 99-17-35 (Rev.2000).
III. WHETHER THE COURT ERRED IN DENYING THE DEFENDANT’S MOTION FOR A FRANKS HEARING AFTER DEFENDANT PROVIDED EVIDENCE PROVING THE REQUISITE PRELIMINARY SHOWING THAT A FALSE STATEMENT KNOWINGLY AND INTENTIONALLY, OR WITH RECKLESS DISREGARD FOR THE TRUTH, WAS INCLUDED IN THE AFFI-ANT’S SEARCH WARRANT AFFIDAVIT.
¶ 7. McKlemurry argues that the warrant affidavit contained false statements in the underlying facts and circumstances section. The relevant portion of the underlying facts and circumstances in the affidavit states,
On December 30, 2003, Agent Powell received information from a confidential informant, who has provided information in the past that has proven to be reliable and that has led to numerous arrests, concerning Kenneth McKlemurry and Chris Haas being involved in the sale and distribution of Hydrocodone, Al-prazolam, Demerol, Methadone, Soma, and marijuana while located at 716 Ave. A in McComb, Pike County, MS. The informant stated that Chris Haas called from [telephone number]. This phone is registered to 716 Ave. A, the residence of Kenneth McKlemurry. The informant stated that Kenneth McKlemurry’s brother brought numerous pills and an undetermined amount of marijuana from ■ Alabama to Kenneth McKlemurry’s residence. Haas stated that-the majority of the pills and marijuana was gone and that a white male, Millard Lambert, had purchased -that majority of pills and marijuana from Kenneth McKlemurry. Haas stated that Haas and Kenneth *992 McKlemurry had approximately $1250.00 worth of pills and approximately one ounce of marijuana left and would sell everything for $1200.00.
At a pretrial hearing, it was determined that the referenced confidential informant was Deputy Wroten. McKlemurry argues that some of the information in the affidavit came from the unnamed confidential informant at whose house Wroten visited. McKlemurry suggested that Powell intentionally left out the fact that there was another informant whose veracity had not been established.
¶ 8. McKlemurry relies on Franks v. Delaware which states,
[W]e hold that, where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant’s request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit’s false material set to one side, the affidavit’s remaining content is insufficient to establish probable cause, the search warrant must be voided as the fruits of the search excluded to the same extent as if probable cause were lacking on the face of the affidavit.
438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (adopted by the Mississippi Supreme Court in Bevill v. State, 556 So.2d 699, 712 (Miss.1990)).
¶ 9. The alleged false statement made by Powell concerned his identifying only one informant, Wroten, from which the information was obtained. Wroten testified that he had no personal knowledge of Haas’ identity. In the phone conversation Wroten listened in on, he heard the caller identify himself as Chris. When the confidential informant ended the telephone conversation, she informed Wroten that the caller was Chris Haas. Assuming only for the purpose of discussion that Agent Powell gave an untruthful statement in the affidavit as to who had personal knowledge of Haas’ identity, the remainder of the information within Wroten’s knowledge would be more than enough to establish probable cause for the issuance of the search warrant. Accordingly, this issue fails.
¶ 10. THE JUDGMENT OF CONVICTION OF THE PIKE COUNTY CIRCUIT COURT OF UNLAWFUL POSSESSION OF LESS THAN THIRTY (30) GRAMS OF MARIJUANA (COUNT ONE), UNLAWFUL POSSESSION OF METHADONE (COUNT TWO), UNLAWFUL POSSESSION OF AT LEAST TWENTY (20) BUT LESS THAN FORTY (40) DOSAGE UNITS OF PETHIDINE (COUNT THREE), AND UNLAWFUL POSSESSION OF AT LEAST ONE HUNDRED (100) BUT LESS THAN FIVE HUNDRED (500) DOSAGE UNITS OF DIAZEPAM (COUNT FOUR) IS AFFIRMED. THE SENTENCE OF TWENTY-FOUR (24) YEARS ON COUNT TWO, TWENTY-FOUR (24) YEARS ON COUNT THREE, AND FOUR (4) YEARS ON COUNT FOUR WITH ALL COUNTS RUNNING CONSECUTIVELY IS AFFIRMED. THE DECISION THAT THE FIRST TEN (10) YEARS ON COUNT TWO, THE FIRST TEN (10) YEARS ON COUNT THREE, AND TWO (2) YEARS ON COUNT FOUR SHALL BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. THE DECISION THAT *993 THE REMAINING FOURTEEN (14) YEARS ON COUNT TWO, THE REMAINING FOURTEEN (14) YEARS ON COUNT THREE, AND THE REMAINING TWO (2) YEARS ON COUNT FOUR SHALL BE SERVED ON POST RELEASE SUPERVISION IS AFFIRMED. ALSO, THE FINE OF $250,250 AND RESTITUTION IN THE AMOUNT OF $425 TO THE MISSISSIPPI BUREAU OF NARCOTICS ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. McKlemurry testified that he had his brother’s prescription pills in his safe for safekeeping. He explained that the pills were in zi-ploclt bags because his brother needed to keep the prescription bottles with him in case he was pulled over.

. Haas and Duk Hee Ross, McKlemurry’s girlfriend, were also indicted for four counts of possession of controlled substances with intent to distribute. McKlemurry and Ross stood trial together as co-defendants. In exchange for Haas' testimony, the State recommended that his trial be continued until he returns from his deployment in Iraq.