Bush, et al. *v.* Byrd, Dependents of

No. 40973 January 12, 1959 108 So. 2d 211

*Lowell W. Tew, Welch, Gibbes & Graves,* Laurel, for appellants.

*Pershing B. Sullivan, Lampkin H. Butts,* Laurel, for appellees.

784

HALL, J.

This proceeding was brought by the dependents of James H. Byrd, deceased, for the recovery of workmen's compensation benefits alleged to be due them as the widow and children of James H. Byrd who met his death as the result of a collision between a gravel truck owned and operated by Byrd and an automobile owned by James A. Venhaus and operated by Julius D. Smith. There is no dispute of the fact that Byrd's death arose out of and in the course of his employment with Bush if the relationship of employer and employee existed between them at the time. The attorney-referee found that it did exist and awarded compensation to the dependents; the Workmen's Compensation Commission affirmed the action of the attorney-referee and on appeal the circuit court affirmed the decision of the Commission, from which comes this appeal.

1. Only two questions are raised by appellant as grounds for reversal. The first is that Byrd was not covered by the Compensation Act for the reason that he was an independent contractor and not an employee.

The facts in this case are that Bush is rather extensively engaged as a contractor. At the time in question Bush was engaged in surfacing a large woodyard with gravel for Masonite Corporation. He owned some of the trucks used in hauling this gravel and paid the drivers thereof on an hourly basis, clearly making them employees. Byrd, however, owned his own truck and was paid on a unit basis for gravel delivered to the site. His gasoline and repairs were charged to Bush and the amount thereof was withheld by Bush from Byrd's pay check. Byrd was required by Bush to carry public liability insurance. Bush owned the gravel and Byrd's time of work commenced when a dragline operated by Bush for loading the trucks began operation. Bush controlled the construction site and the gravel was unloaded thereat under the directions of Bush's foreman at the point and in the manner directed. Byrd was required to work regularly or not at all. He could quit the job whenever he pleased and could be fired at any time that Bush desired. He was paid once a week. In fact, Bush had the right to control every detail of the work.

We think that under these facts the relationship of employer and employee existed between them, and that the case of Wade v. Traxler Gravel Co., 100 So. 2d 103, not yet reported in the State Reports, is identically in point. We quote briefly from Pages 108 and 109 of the opinion in that case as follows: "In the case that we have here there is no substantial dispute as to the facts relating to Wade's employment; and it seems clear to us from the testimony of Wade and Traxler that Wade was a mere employee of Traxler at the time of his injury. Traxler had and exercised the right of control over Wade's hauling operations which is normally present in the employer-employee relationship. Wade was hired to haul gravel at so much per cubic yard and according to the length of the haul. He did not contract to do a set piece of work; his employment was not to

last for any specified period of time. Traxler controlled the loading of Wade's truck at the pit; and through the ownership and operation of the loading machinery Traxler controlled in a measure the hours of the day during which Wade could haul gravel. Traxler determined the kind and quantity of gravel that Wade should haul, the distance which the truck was to travel, and the amount of pay that Wade was to receive for delivering gravel to the purchaser. Wade and Traxler both testified that Wade could quit work at any time that he pleased, and that Traxler might terminate his services at any time that he saw fit to do so. Wade had no distinct occupation or business. He was merely a gravel hauler, and no particular skill was required to haul gravel. Wade was paid every two weeks for his services. These facts, in our opinion, show an employer-employee relationship and not the relationship of an independent contractor.''

2. The second point raised by appellants is really two points argued together.

██ ■ (a) One is that appellees failed to comply with the notice provisions of Section 12 of the Compensation Act, Section 6998-18, Recompiled Code of 1942, the applicable portion of which requires that actual notice of an injury be received by the employer or by an officer, manager, or designated representative within thirty days after the occurrence of the injury, but the same section also provides that ''Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice.'' The record shows that Bush and his superintendent knew of Byrd's accident and death within a very few minutes after it happened and conducted an investigation at the scene of the accident. Moreover, the claim agent for the carrier made an investigation of the accident. Both the appellants had full knowledge of the injury and death of Mr. Byrd and it is not shown that either of them was prejudiced by the failure to give notice within thirty days.

(b) The injury and death occurred on June 25, 1954. On July 7, 1954, the claimants herein filed suit in the circuit court against the operator and owner of the automobile in question for the recovery of damages for the death of Mr. Byrd. On November 23, 1955, the chancery court on petition of the mother of the minor claimants adjudicated on proof submitted that James A. Venhaus had public liability insurance coverage but that under the terms of the policy in question, there was no liability on the part of Venhaus, and the insurance company which issued the policy was not liable for the death of Byrd for the reason that Venhaus was not driving or riding in the automobile at the time of Byrd's death and that the plaintiffs in said circuit court could not show that Venhaus had knowledge that Smith was an incompetent driver, and the chancery court further adjudged that Smith was insolvent, had no property out of which a judgment could be satisfied and was, in fact, judgment proof, and the court authorized a compromise and settlement of the claim against Venhaus and Smith for the sum of $2,375, and also allowed a fee of $750 to the attorneys for the plaintiffs, leaving to claimants a net balance of $1,675. It was after this settlement was made that appellees propounded their compensation claim, but the same was propounded within less than two years after the death of Byrd. Section 12 of the Act, Section 6998-18 of the Recompiled Code of 1942 specifically provides that the claim, under the circumstances here shown, shall not be barred if the application for compensation benefits is filed within two years from the date on the injury and death.

 Section 6998-36, supra, provides that the employee or his dependents bringing suit against a third party must notify the employer or carrier within fifteen days of the filing of such suit and the appellants contend that the appellees are barred from prosecuting their compensation claim because such notice was not given.

The appellants are asking us to write something into the act which the Legislature did not write into it. The attorney-referee in his opinion awarded the full amount of compensation provided by the Act but gave the appellants credit thereon for the $1,675 aforesaid and each tribunal to whom the case has been appealed did likewise. What the appellants are asking us to do, is to let the appellees keep this $1,675 in full payment of their compensation claim for several times this amount, and to let the appellants go Scot free of all their obligations with no outlay of money.

We feel that the decisions by the lower tribunal are correct and that the order appealed from should be affirmed and the cause remanded to the Commission for supervision of the payments due. An attorneys' fee of one-third of the total amount of the recovery is hereby allowed to counsel for the claimants for all their services in this case.

Affirmed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.