ROBERTSON *v.* STROUP, ETC. D.B.A. HERTZ RENT-A-CAR

No. 43611 December 6, 1965 180 So. 2d 617

*Schweizer & Harvey,* Columbus, for appellant.

*Mitchell, McNutt & Bush,* Tupelo, for appellee.

Inzer, J.

This is an appeal from a judgment of the Circuit Court of Lee County, wherein the court sustained a plea in bar and a plea in abatement to the declaration filed by appellant, R. H. Robertson, against appellee, W. L. Stroup, Jr.

The declaration alleged that appellant, hereinafter referred to as Robertson, suffered serious and permanent injuries in an automobile accident caused by the negligence of Ray Stokes, servant and employee of appellee, hereinafter referred to as Stroup. It was alleged that Stokes was at the time of the accident in and about his master's business, and that Stroup was liable for said injuries. Stroup answered the declaration and denied liability. He incorporated in his answer a plea in bar and a plea in abatement, and requested that the plea be heard prior to the trial of the case on its merits. The plea in bar alleged that Robertson was at the time of the injury an employee of Stroup's agent, Bill James,

d/b/a James Gulf Service Station; that James was the agent of Stroup in the operation of his rental car business, and at the time of the injury Robertson was an employee of James and engaged in the furtherance of the rental car business; that Robertson was paid workmen's compensation benefits by James for the injury growing out of and in the course of his employment, and for this reason he was estopped and barred from maintaining the suit against Stroup. The effect of the plea is to contend that at the time of the injury Robertson was within the meaning of the Mississippi Workmen's Compensation Act an employee of Stroup, and as a result of his injury had been paid workmen's compensation, and therefore Stroup was not "any other party" within the terms of the act.

A hearing was had on the plea in bar and plea in abatement prior to the trial of the case on its merits. The pleas were heard before the trial judge without the intervention of a jury. The trial judge sustained the plea in bar and the plea in abatement. An order was entered dismissing the suit, and from this judgment this appeal is prosecuted.

The facts show that Stroup had obtained a license from Hertz Rent-A-Car Company to operate a rental car business in Tupelo, Oxford and Columbus, Mississippi. Stroup employed James to operate the rental car business in Columbus, and as compensation for his services James was paid ten percent of the gross receipts. Stroup furnished the cars used in the business, and as a part of their oral agreement these cars were serviced by James at his filling station, and for these services James was paid in addition to the commission. James was the operator of a filling station at the time he was employed by Stroup to manage the rental car business. In the operation of his filling station, James had four employees including Robertson. These employees performed services at the filling station and also performed

services in the rental car business. They were hired by James and paid by him. Under the arrangement with Stroup, James kept the records for the rental car business and rented cars at his filling station. He also maintained an office at the Columbus airport, where cars were kept and rented. James maintained a telephone at the filling station for the rental car business with a direct line to the airport office. Ray Stokes worked at the airport. He performed no services in connection with the filling station. He was employed by James on behalf of Stroup and was paid by Stroup. His work was performed under the supervision of James. Robertson worked at night, and during the course of his work he at times rented cars, checked in cars that had been rented by someone else, and at times would deliver a car to the airport when one was needed. On the night he was injured he was directed by James to drive a rental car to the airport and deliver it to Stokes. Stokes was to return him to the filling station in a car kept at the airport for this purpose. Instead of returning in the car belonging to Stroup, Stokes drove his own car, and on the way back to the filling station he lost control of his car and had the accident in which Robertson was injured.

James carried workmen's compensation insurance for his employees, and he reported the injuries to his carrier. Thereafter, Robertson was paid a lump sum settlement in the sum of $4,156 as settlement of his workmen's compensation claim for his injuries. He then filed this suit against Stroup.

The principal question that we must determine in this case is whether Robertson was at the time of his injury the employee of Stroup within the meaning of the Mississippi Workmen's Compensation Act, and if so, would the payment of workmen's compensation by Stroup's agent, James, bar him from maintaining a suit against Stroup for the same injury. The pertinent stat-

utes involved are Mississippi Code Annotated sections 6998-05 and 6998-36 (1952). Section 6998-05 provides in part:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next-of-kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this act, an injured employee, or his legal representative in case death results from the injury, may elect to claim compensation under this act, or to maintain an action at law for damages on account of such injury or death.

Section 6998-36 provides in part:

> The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury or death of an employee shall not affect the right of the employee or his dependents to sue any other party at law for such injury or death, but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein.

The words "employer" and "employee" as used in the Mississippi Workmen's Compensation Act are synonymous with the words "master" and "servant", and the rules for the determination of the existence of the relation of employer and employee are the same rules as at common law for determination of the relationship of master and servant. There are numerous decisions of this Court involving the question of master and servant. The case of Texas Co. v. Mills, 171 Miss. 231, 156 So. 866 (1934), involved a somewhat similar factual situation. The question in that case was

whether Mills was an employee of Texas Company at the time he was injured. The proof showed that Mills was employed by and paid by Duncan, who was operating a bulk sales plant under a written contract with the Texas Company. Duncan received as compensation a percentage of the sales of the Texas Company's products. We held that Duncan was not an independent contractor, and neither was Duncan merely a salesman of Texas Company products. We further held that Mills, although hired and paid by Duncan, was at the time of his injury an employee of the Texas Company. We reached that conclusion on the basis that Duncan was a servant of Texas Company, and the relationship was material because it affected the relation of his (Duncan's) employees to the Texas Company. We concluded that when Duncan's employees were discharging their duties in connection with the bulk plant they were subject to control of the Texas Company by and through its agent Duncan. We said in that connection:

It may be true that Duncan's employees remained his servants, but, as hereinbefore stated, when he placed them in the service of the appellant, they became also its servants and thereby became entitled to all the rights of a servant against the appellant (Rest. Agency, sec. 517), except the right to payment for their services, that obligation remaining with Duncan. (171 Miss. at 247, 156 So. at 870)

 We also held in Meridian Taxi Cab Company v. Wood, 184 Miss. 499, 186 So. 636 (1939), that it is well settled in this state that one may be the servant of two masters at the same time as to one act. There is very little doubt that if the question here involved a claim by Robertson against Stroup for workmen's compensation for his injuries, it would be held that he was an employee of Stroup within the meaning of the Mississippi Workmen's Compensation Act. Reasoning from the decisions in the cases cited, and our other decisions

on this point, we have reached the conclusion that at the time of the accident and resulting injuries to Robertson, he was not only an employee of James, but at the same time an employee of Stroup also. Robertson and Stokes were at the time of the accident both servants of Stroup. Inasmuch as Robertson was paid workmen's compensation for his injury, he is barred under the provisions of Mississippi Code Annotated section 6998-05 (1952) from maintaining this suit against Stroup. Stroup, through his agent James, furnished workmen's compensation within the meaning of the statute. Stroup is not under the circumstances of this case ''any other party'' as designated by the statute.

Appellant contends that the decision in this case is controlled by our decisions in the cases of Index Drilling Co. v. Williams, 243 Miss. 75, 137 So. 2d 525 (1962), and Clark v. Luther McGill, Inc., 240 Miss. 509, 127 So. 2d 858 (1961). These cases involved an attempt to invoke the ''lent servant'' doctrine, and we held in these cases that Williams and Clark were not lent servants or special employees. These cases correctly announced the law relative to the facts in those cases, and our decision in this case in no way infringes on the law so announced in those cases. The law relative to the lent servant doctrine is not applicable under the facts of this case. There is no contention here that Robertson was a lent servant.

■■ ■ Appellant finally contends that the issue on the plea in bar was one that was peculiarly susceptible to being tried by a jury, and the trial court was in error in not empaneling a jury to try the issue. The record reflects that appellant announced in open court that he was ready to proceed with the hearing. The hearing was had before the judge without a jury. Appellant did not object to the hearing without a jury and never at any time requested that a jury be empaneled to try the issues. We have no doubt that had he requested that the plea

in bar be tried to a jury that the request would have been granted. Appellant did not raise this point in the trial court and the trial judge had no opportunity to pass upon the question. Therefore we will not consider it for the first time on appeal. This has been a long established rule of law recognized by this Court for so long it makes citations of authorities almost unnecessary. Nationwide Mut. Ins. Co. v. Tillman, 249 Miss. 141, 161 So. 2d 604 (1964); County Bd. of Educ. of Jones County v. Smith, 239 Miss. 58, 121 So. 2d 139 (1960); Hassie Hunt Trust v. Proctor, 215 Miss. 84, 60 So. 2d 551 (1952).

We hold that the circuit judge's action in sustaining the plea in bar was correct. This decision disposes of this appeal, and for this reason we do not reach the issue raised in regard to the plea in abatement. For the reasons stated, this case must be affirmed.

Affirmed.

All Justices concur.