206 So.2d 323 (1968)
J.B. STUBBS
v.
GREEN BROTHERS GRAVEL COMPANY, Inc., et al.
No. 44719.
Supreme Court of Mississippi.
January 29, 1968.
*324 Arrington & Arrington, Hazlehurst, Kervin & McIntosh, Collins, for appellant.
Henley, Jones & Henley, Hazlehurst, for appellees.
ETHRIDGE, Chief Justice:
J.B. Stubbs, appellant, brought this action in the Circuit Court of Copiah County against Green Brothers Gravel Company, Inc. (hereinafter called Green) and its truck driver Jamie Brown, appellees. The declaration charged that plaintiff, employed by D.J. McDonald to haul gravel, was injured when his vehicle was struck by a truck driven by Brown and owned by Green; that Brown was not keeping a proper lookout, and did not have his vehicle under control or in proper repair; and that these negligent acts were contributing proximate causes of plaintiff's injuries, for which he sought damages in this common law action. Defendants denied the charges of negligence, and specially pleaded that Green had secured payment of workmen's compensation insurance to cover its employees, plaintiff was an employee of Green, his injuries occurred in the scope of his employment, and that the Workmen's Compensation Act was plaintiff's exclusive remedy. Miss.Code 1942 Ann. § 6998-05 (1952). The circuit court sustained this plea and dismissed the suit.
Green owned two sand and gravel pits, and maintained equipment at the pit sites for mining, processing, and loading these products. It sold sand and gravel, having it delivered to customers within an area of about fifty miles. Individual truck owners, engaged to do the hauling, were paid on a tonnage basis. McDonald, who owned seven trucks, had been hauling sand and gravel for Green since about 1964 under an oral contract terminable by either party at will. Other truck owners also hauled for Green under similar agreements. No specific amount of gravel was to be hauled by any one trucker. With one exception, McDonald had been hauling exclusively for Green. Green determined the time, place and method of loading, as well as the destination and system of furnishing evidence of delivery. The truckers were given tickets which Green's customers were required to sign. Based on those tickets, periodic payments were made to McDonald, who in turn paid his truck drivers. McDonald determined the assignments of his trucks in hauling to Green's customers. Stubbs was one of the truck drivers hired by McDonald. McDonald deducted social security and income tax from his truck drivers' wages and furnished them with his own trucks, gasoline and maintenance. The hauling of the sand and gravel from Green's plant to its customers was an integral part of the business operation. Although McDonald carried workmen's compensation insurance covering his truck drivers, Green also carried workmen's compensation insurance covering the truck drivers and its insurance premium was based in part on the wages paid these drivers.
The instant case is controlled by Brown v. E.L. Bruce Company, 253 Miss. 1, 175 So.2d 151 (1965); Boyd v. Crosby Lumber and Manufacturing Company, 250 Miss. *325 433, 166 So.2d 106 (1964); Bush v. Dependents of Byrd, 234 Miss. 782, 108 So.2d 211 (1959), and Wade v. Traxler Gravel Company, 232 Miss. 592, 100 So.2d 103 (1958). The above stated arrangement establish an employer-employee status for compensation purposes. There was the absence of a contract for the hauling of a specified quantity of gravel, and a long continued practice by McDonald and his truck drivers in hauling sand and gravel for Green. Either party had the right to terminate the arrangement at will. The hauling was an integral part of Green's regular business. McDonald did not furnish any independent business service and had been hauling for Green since 1964. This continuity of service over an extended period of time, together with the fact that Green could terminate the agreement at any time, reflects a right of control which Green could exercise over McDonald. Dunn, Mississippi Workmen's Compensation § 134 (2d ed. 1967). John Hancock Trucking Company v. Walker, 243 Miss. 487, 138 So.2d 478 (1962) is significantly different from the facts in the case at bar. In that case, Hancock (who was the counterpart of McDonald) was in the business of leasing trucks and drivers to various peoples and businesses, and did not lease to Edwards (the counterpart of Green) exclusively. The truck lease had been in operation for only three days when Hancock's driver (Walker) was injured. There was no continuity of service for one employer over an extended period of time.
This case is what Larson calls an "upside-down compensation case," in the form of a negligence action in which the employee is trying to get out from compensation coverage to escape the exclusive provisions of the act, and the employer is asserting compensation coverage. I Larson, Workmen's Compensation Law § 26.10, at 452.11 (1965). Reason and consistency require that we apply the provisions of the act and the decisions interpreting it with an equal hand, both where coverage is asserted and where the exclusive remedy provisions of the statute are involved. See 2 id. § 65.10 (1961).
In summary, the circuit court was correct in dismissing this tort action, because appellant's exclusive remedy is under the Workmen's Compensation Act.
Affirmed.
RODGERS, JONES, BRADY and SMITH, JJ., concur.