388 So.2d 166 (1980)
Thomas H. RAY
v.
The BABCOCK & WILCOX COMPANY, INC.
No. 52128.
Supreme Court of Mississippi.
September 24, 1980.
Paul Kelly Loyacono, Loyacono & Field, Vicksburg, for appellant.
P.N. Harkins, III, Watkins & Eager, Jackson, Teller & Teller, Vicksburg, for appellee.
Before SMITH, P.J., and BROOM and LEE, JJ.
*167 LEE, Justice, for the Court:
Thomas H. Ray filed suit in the Circuit Court of Warren County against Mississippi Power & Light Company [MP&L] and The Babcock & Wilcox Co., Inc. [B&W] for personal injuries sustained while Ray was working in a generating plant of MP&L. Prior to trial, on motion of Ray, the court granted a nonsuit as to MP&L and the trial proceeded against B&W, resulting in a jury verdict and judgment for Ray in the sum of four hundred twelve thousand five hundred dollars ($412,500). The lower court sustained a motion of B&W for a judgment notwithstanding the verdict, and Ray has appealed here.
The issues involved are whether or not the defense of dual employment was properly pled by appellee and whether or not the lower court erred in granting the judgment notwithstanding the verdict.
Although the appellee raised the question of dual employment by a "plea," when it properly should have been raised by an affirmative defense, we are of the opinion that it was presented effectively to the lower court, particularly since no objection was made to testimony relating to dual employment of appellant by Bechtel Corporation [Bechtel] and B&W. Leggett v. Legett, 202 Miss. 435, 32 So.2d 189 (1947); Shapleigh Hardware Co. v. Brumfield, 159 Miss. 175, 130 So. 98 (1930).
The evidence is undisputed on the principal question of whether or not the lower court erred in sustaining the motion for judgment notwithstanding the verdict. Appellant was an employee of Bechtel, the general contractor on MP&L's Gerald Andrus Steam Generating Plant in Greenville, Mississippi. Appellee was a subcontractor under the general contract held by Bechtel. Although appellee had no electricians working for it, on occasions, electricians were required in the performance of appellee's work. Bechtel had a number of electricians employed by it and when appellee needed an electrician, contact was made with Bechtel who then sent the electrician to appellee. Bechtel paid the electrician's wage and appellee was backcharged by Bechtel for all hours that the electrician worked on appellee's job.
Appellant had been working with, and for, appellee over a period of several weeks, and, on October 24, 1974, he was working on a boiler front attempting to get the boilers fired up so that they could be started the next day. He was on a ladder approximately five (5) feet off the floor, which was oily and slippery, the ladder slipped and collapsed, throwing him off the ladder and resulting in serious injuries. At the time of the accident, appellant was under the direct supervision and control of William C. Cunningham, an engineer of appellee. Cunningham told appellant what to do and how and where to perform his work. Appellant accepted and executed the orders and directions of appellee.
Crucial to the determination of the principal question is whether or not, under the undisputed proof, appellant worked in a dual capacity, that is, as employee and agent of Bechtel and also as employee and agent of appellee. Both Bechtel and appellee carried workmen's compensation insurance covering their employees. A compensation claim was interposed against Bechtel by appellant and that claim was compromised for the sum of thirty-five thousand dollars ($35,000). Mississippi Code Annotated Section 71-3-9 (1972) provides that the liability of an employer under the terms and provisions for benefits pursuant to the Mississippi Workmen's Compensation Act shall be exclusive and in place of all other liability of the employer to the employee arising out of injuries received by the employee within the course and scope of his employment. L.B. Priester & Son, Inc. v. Dependents of Bynum, 244 Miss. 185, 141 So.2d 246 (1962); Walters v. Blackledge, 220 Miss. 485, 71 So.2d 433 (1954).
This Court has held that when an employee is engaged in the service of two (2) employers in relation to the same act (dual employment), both employers are exempt from common law liability, although only one of them has actually provided workmen's compensation insurance. Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965).
*168 In Biggart v. Texas Eastern Transmission Corp., 235 So.2d 443 (Miss. 1970), the Court said:
"Although Jatt O. Biggart, deceased, was employed and paid by River, the engineer for Brown & Root, Inc., and the foreman for Texas Eastern were entitled to, and did exercise control over the employees of River.
The traditional test of the employer-employee relationship is the right of the employer to control the details of the work. Jatt O. Biggart was an employee of River and subject to the control of Texas Eastern and Brown & Root, Inc., appellees, at the time of his death. Brown v. E.L. Bruce Co., Inc., et al., 253 Miss. 1, 175 So.2d 151 (1965); Louis L. Gily & Sons v. Dependents of Shankle, 246 Miss. 384, 149 So.2d 480 (1963); Wade v. Traxler Gravel Co., 232 Miss. 592, 100 So.2d 103 (1958); Mozingo v. Mississippi Employment Security Commission, 224 Miss. 375, 80 So.2d 75 (1955).
An employee may be employed by more than one employer while doing the same work. The fact that only one of the employers paid Biggart (here River Construction Corporation paid deceased) does not alter the fact that Biggart was in the service of Texas Eastern and Brown & Root, Inc., an employer-employee relationship between appellees and deceased Biggart based on the element of control present at the time. Boyd v. Crosby Lumber & Manufacturing Co., 250 Miss. 433, 166 So.2d 106 (1964); Meridian Taxicab Co., Inc. v. Ward, 184 Miss. 499, 186 So. 636 (1939); Texas Co. v. Mills, 171 Miss. 231, 156 So. 866 (1934); Cf. C.H. Leavell and Company and Peter Kiewit Sons' Company v. J.V. Doster, d/b/a Central Gulf Construction Co., 233 So.2d 775 (Miss. 1970).
Since Jatt O. Biggart, deceased, was an employee of Texas Eastern and Brown & Root, Inc., the exclusive remedy for his heirs and dependents is under the Mississippi Workmen's Compensation Act." 235 So.2d at 444-445.
See also Harkins v. Paschall, 348 So.2d 1019 (Miss. 1977).
The same principle applies on motion for judgment notwithstanding the verdict and on request for a peremptory instruction by a defendant. The Court considers all evidence favorable to the plaintiff, together with all reasonable inferences, does not consider evidence in conflict therewith, and, if the evidence will not support a verdict for the plaintiff, the motion should be granted. Golden v. Duggins, 374 So.2d 243 (Miss. 1979); Claiborne v. Greer, 354 So.2d 1109 (Miss. 1978); Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975).
We are of the opinion that, under the undisputed facts and evidence, appellant was acting in a dual capacity as employee of Bechtel and appellee at the time of his unfortunate accident, that his sole remedy was for workmen's compensation benefits, and that he was barred from filing a common law action against appellee. Therefore, the lower court did not err in sustaining the motion for judgment notwithstanding the verdict, and the judgment is affirmed.
AFFIRMED.
SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
PATTERSON, C.J., took no part.