Freddie RADER, Plaintiff,

v.

U.S. RUBBER RECLAIMING CO., INC. and Farrel Corporation Division of USM (Improperly Named as Farrel Manufacturing Company, Inc.), Defendants.

Civ. A. No. W85-0094(B).

United States District Court, S.D. Mississippi, W.D.

Sept. 27, 1985.

Varner, Parker & Sessums, David Sessums, Vicksburg, Miss., for plaintiff.

Heber Ladner, James Holland, John B. Clark, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BARBOUR, District Judge.

The Court has before it the Motion of Defendant, U.S. Rubber Reclaiming Company, Inc., ("U.S. Rubber") for Summary Judgment. The issue presented by U.S. Rubber's Motion is whether workers' compensation bars an action by an injured employee against his employer who designed the machine which allegedly injured the Plaintiff, Freddie Rader, ("Rader").

### FACTS

In September 1984, Rader, an employee of U.S. Rubber, was injured in the scope of his employment when the reclaimator which he was operating malfunctioned and emitted a large fireball which burned him. According to Rader, U.S. Rubber designed the reclaimator and is liable for the injuries he sustained as a result of the malfunction under the dual capacity doctrine.

Neither Rader nor U.S. Rubber states whether Rader has received workers' compensation benefits as a result of his injuries. Rader does admit, however, that he was injured in the course of his employment. Accordingly, there appears to be no question that Rader is entitled to recover workers' compensation.

U.S. Rubber moves for summary judgment on the basis that workers' compensation is Rader's exclusive remedy. Rader responds on the basis that the dual capacity doctrine, under which an employer assumes a role independent of his status as employer, permits recovery against U.S. Rubber despite the exclusive provisions of workers' compensation.

### LAW

There is no question that workers' compensation is an employee's exclusive remedy for work-related injuries. *Miss. Code Ann.* § 71-3-9 (1972), entitled "Exclusiveness of liability," states that:

[t]he liability of a employer to pay compensation shall be exclusive and in place

of all other liability of such employer to the employee....

The Mississippi Supreme Court has consistently rejected attempts to circumvent the exclusive remedy of workers' compensation. *See, e.g., Biggart v. Texas Eastern Transmission Corporation,* 235 So.2d 443 (Miss.1970); *Stubbs v. Green Brothers Gravel Company, Inc.,* 206 So.2d 323 (Miss.1968); *Robertson v. Stroup,* 180 So.2d 617 (Miss.1965). This Court is of the opinion that the Mississippi Supreme Court would likewise reject Rader's attempt to circumvent the workers' compensation act on the basis of the dual capacity doctrine.

The dual capacity doctrine provides that an employer may become liable in tort to an injured employee when the employer assumes an identity separate and apart from his role as employer. 2A Larson, *Workmen's Compensation Law,* § 72.81. The vast majority of courts have rejected the dual capacity doctrine and have held that an employer who designs, manufactures or distributes a product used by its employees cannot be held liable to an injured employee on the theory of products liability. 2A Larson, *Workmens' Compensation Law,* §§ 65.35, 72.83. Only Ohio and California have acknowledged the dual capacity doctrine. *See, e.g., Duprey v. Shane,* 39 Cal.2d 781, 249 P.2d 8 (1952); *Mercer v. Uniroyal,* 49 Ohio App.2d 279, 361 N.E.2d 492 (1977). Yet, even these states limit the applicability of the doctrine to products which are not only furnished to the employee but also sold to the public. *See also* 2A Larson, *Workmens' Compensation Law,* § 72.83.

Rader has not alleged that U.S. Rubber sold its reclaimator to the public. Even if he did, this Court's conclusion would be the same. As Larson states,

[i]magine how much would remain of employer immunity if it were forfeited every time an employer adjusted or tinkered with a machine.

*Id.* at § 72.81. Accordingly, the Motion of U.S. Rubber for Summary Judgment is granted. A Final Judgment in accordance with this Memorandum Opinion will be entered pursuant to F.R.Civ.P. Rule 54.