**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-60515

THOMAS ALLEN ROGERS

Plaintiff-Appellant,

VERSUS

HARTFORD ACCIDENT & INDEMNITY COMPANY, ET AL,

Defendants,

HARTFORD ACCIDENT & INDEMNITY COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

January 14, 1998

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

The principal issue presented by this appeal is whether the district court erred in granting summary judgment in favor of defendant-appellee, Hartford Accident & Indemnity Co. ("Hartford"), and against plaintiff-appellant Thomas Allen Rogers ("Rogers") on the issue of whether Hartford had a legitimate or arguable reason to initially deny workers' compensation benefits to Rogers. We conclude that there was no legitimate or arguable reason to initially deny Rogers benefits, and therefore vacate the district court's order granting summary judgment, render partial summary judgment in favor of Rogers, and remand.

BACKGROUND

Rogers, a Mississippi domiciliary, was employed by Quick Change Oil & Lube in Ridgeland, Mississippi. A separately owned and operated Speedway service station was located next door to Quick Change. Speedway had an all female staff. An arrangement developed whereby a male Quick Change employee would climb a ladder to change the gasoline prices on Speedway's elevated sign when needed. Speedway paid Quick Change employees five dollars for this service.

On August 9, 1991, while on duty at Quick Change, Rogers was asked to change the price on Speedway's sign. While changing the the sign, Rogers fell off a ladder and was injured. As a result of the injuries, Rogers incurred extensive medical expenses and missed work for seven months. At the time of the accident, Hartford was the workers' compensation insurance carrier for both Speedway and Quick Change.

Three days after Rogers' accident, Quick Change filed a Form B-3 (First Report of Injury) with the Mississippi Workers' Compensation Commission regarding Rogers' injury.[1] Hartford responded by refusing to pay or authorize medical treatment under

---

[1] An employer or its insurance carrier must file a report of nonfatal injury when the injury causes loss time in excess of the waiting period prescribed in Section 71-3-11 of the Mississippi Workers' Compensation Law, i.e. the first five days of disability. The report must be filed within ten days after the waiting period is satisfied on forms approved by the Commission. MISS. CODE ANN. § 71-3-67(1); Vardaman S. Dunn, MISSISSIPPI WORKER'S COMPENSATION. App. at 125 (3d ed. Supp. 1990).

Mississippi's Workers' Compensation Law.[2] Rogers retained counsel who sent a letter demanding that Hartford begin paying Rogers the benefits owed under the Mississippi Workers' Compensation Law. The demand letter explained that Hartford, as the workers' compensation insurer of both Quick Change and Speedway, was inevitably liable regardless which of its insureds was Rogers' employer at the time of the accident. Nevertheless, Hartford still refused to pay any benefits.

On October 11, 1991, Rogers' counsel filed a petition to controvert against Hartford and Quick Change, but not against Speedway.[3] In its answer to Rogers' petition to controvert, Hartford asserted that at the time of the accident Rogers was Speedway's borrowed servant and was not acting in the course and scope of his employment by Quick Change.

An administrative hearing was held before a Commission Administrative Law Judge ("ALJ") on April 14, 1992, to determine whether Rogers' injury arose out of the course and scope of his employment with Quick Change. The ALJ found that Rogers' injury did not arise out of the course and scope of his employment with Quick Change, therefore, Hartford was not responsible for providing benefits to Rogers under the Quick Change policy. Rogers then

---

[2] MISS. CODE ANN. §71-3-1 et seq.

[3] A petition to controvert, Workmen's Compensation Form B-5, 11, must be filed by an employee with the Commission if he wishes to controvert a workers' compensation claim. Dunn, *supra* note 1, at 125. An employer who wishes to controvert a claim must also satisfy the Commission's filing requirements. MISS. CODE ANN. § 71-3-37; Dunn, *id.*

simultaneously filed a petition to controvert against Speedway and appealed the ALJ's decision.  On August 10, 1992, a year and a day after Rogers was injured, Hartford answered the petition to controvert on behalf of Speedway, admitted that Rogers was a Speedway employee, and  commenced paying Rogers benefits under the Speedway policy.

On review of the ALJ's order finding Rogers' was not a Quick Change employee at the time of his injury, the Workers' Compensation Commission reversed.  The Circuit Court of Madison County affirmed the Commission reasoning that Quick Change necessarily retained control over the timing and circumstances under which its employees could assist Speedway.  The Mississippi Supreme Court affirmed holding that at the time of his accident Rogers was not a borrowed servant of Speedway, but was acting in the course and scope of his employment with Quick Change.  *Quick Change Oil and Lube, Inc. v. Rogers*, 663 So.2d 585 (Miss. 1995).

In August 1995, Rogers filed the present action seeking compensatory and punitive damages because of Hartford's bad faith initial denial of worker's compensation benefits in Mississippi state court against Hartford, Emro Marketing d/b/a Speedway, and Marathon Oil n/k/a Ohio Oil Company.[4]  Todd Coleman and Beth Coleman, Hartford employees, were also named as defendants.  The defendants timely removed the action to federal district court, alleging that the Colemans, Mississippi domiciliaries, had been

---

[4] Emro Marketing d/b/a Speedway and Marathon Oil n/k/a/ Ohio Oil Company were subsequently dismissed from the suit.  These dismissals are not an issue on appeal.

4

fraudulently joined to defeat diversity. Rogers then moved to remand.[5] The district court denied Rogers' motion to remand and upon motion by the Colemans granted summary judgment in their favor ruling that there was no possibility of independent liability being imposed.

After the action was removed to federal court, Rogers moved for partial summary judgment as to whether Hartford had a legitimate or arguable basis to deny benefits. Hartford countered with its own motion for summary judgment. In addition, Rogers filed a motion requesting the court to (1) alter or set aside its previous denial of remand pursuant to Federal Rule of Civil Procedure 60, (2) allow Rogers to amend his complaint to rename Todd Coleman as a party and to add a non-diverse defendant, Jim Napper, pursuant to Federal Rule of Civil Procedure 15, and (3) remand.

The district court granted Hartford's motion for summary judgment and denied Rogers' motion for partial summary judgment and other motions. The summary judgment in favor of Hartford decreed that the insurer could not be held liable for bad faith nonpayment of benefits because it had a legitimate and arguable reason for its delay of one year in commencing payment of compensation benefits. Rogers timely appealed.

---

[5] Rogers' argument for remand is based solely on a lack of diversity of citizenship. He does not argue the action is not removable under 28 U.S.C. § 1445(c). *See, e.g., Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996).

5

DISCUSSION

As there is no dispute with regard to the facts, the principal issue is  whether, as a matter of law, Hartford had a legitimate or arguable reason for initially denying workers' compensation benefits and payments to Rogers.  Although the Mississippi Workers' Compensation Law, Section 71-3-9, indicates compensation is the exclusive remedy available to an employee suffering an injury arising out of and in the course of employment, Mississippi jurisprudence has held this exclusive remedy provision does not bar an injured employee's common law tort action against an insurance carrier for the commission of an intentional tort independent of the accident compensable under the worker's compensation scheme. *Southern Farm Bureau Cas. Ins. v. Holland*, 469 So.2d 55, 58-59 (Miss. 1984).  From this jurisprudence, we infer that in order to succeed in this action, the plaintiff must prove: (1) a contract of workers' compensation insurance existed between the defendant and the plaintiff's employer; (2) the carrier denied the plaintiff's compensable workers' compensation claim without a legitimate or arguable reason; and (3) the denial of benefits constitutes a willful and intentional or malicious wrong.  *See Holland*, 469 So.2d at 58-59, *Leathers v. Aetna Casualty & Surety Co.*, 500 So.2d 451, 452-53 (Miss. 1986); *Luckett v. Mississippi Wood, Inc.*, 481 So.2d 288, 289-90 (Miss. 1985).

If these elements are satisfied, punitive damages can also be awarded.  Punitive damages may be recovered from an insurer for bad faith if an insured proves by a preponderance of the evidence that

6

"the insurer acted with [] malice, or [] gross negligence or reckless disregard for the rights of others." *Caldwell v. Alfa Insurance Co.*, 686 So.2d 1092, 1095 (Miss. 1996) (quoting *Blue Cross & Blue Shield v. Maas*, 516 So.2d 495, 496 (Miss. 1987) (citations omitted)).[6]  The gross negligence must be such as to be an independent tort. *Id.*  Punitive damages are not available, however, "[i]f the insurer had a legitimate or arguable reason to deny payment of the claim." *Caldwell*, 686 So.2d at 1095.  Finally, *Holland* emphasizes that a workers' compensation claimant seeking punitive damages because of the carrier's wrongful refusal to pay the workers' compensation claim must "allege and prove the recognized elements" of the claim. 469 So.2d at 59.

As for the first element of the bad faith action, it is undisputed that there was a contract of workers' compensation insurance between Hartford and Rogers' employer.  The second element, whether Hartford had a legitimate or arguable basis for initially denying payment of Rogers' workers' compensation benefits, is determinative in the present case.  The third element, whether the denial of benefits was a willful and intentional wrong, was not reached by the district court and is not before us as

---

[6] Notwithstanding that the Mississippi Supreme Court has indicated "gross negligence" may be sufficient to justify an award of punitive damages and that permitting an independent tort action against insurance carriers in workers' compensation cases is in line with cases allowing punitive damages with bad faith insurance claims, proof of an intentional tort is required to circumvent the exclusive remedies available under the Mississippi Workers' Compensation Law.  Allegations sounding in negligence are inadequate. *See Holland*, 469 So.2d at 57-59, *Luckett*, 481 So.2d at 290. *See also Peaster v. David New Drilling*, 642 So.2d 344, 348 (Miss. 1994).

Rogers has only addressed the existence of the second element on appeal.

The Mississippi Workers' Compensation Law furnishes the framework for our analysis of whether Hartford had such a legitimate or arguable reason.

§ 71-3-77 **"Insurance policy regulations"** provides in pertinent part:

(1) [T]he payments of the claims . . . shall be made directly from the insurance company to the employee, except for medical benefits which shall be paid to the medical provider. A copy of such payments shall be forwarded to the employer [emphasis added].

(2) In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer and in order that the administration of this chapter in respect of such liability may be facilitated, the commission shall by regulation provide for the discharge, by the carrier or carriers for such employer, of such obligations and duties of the employer in respect of such liability imposed by this chapter upon the employer as it considers proper in order to effectuate the provisions of this chapter. For such purpose (a) notice to or knowledge of an employer of the occurrence of the injury shall be notice to or knowledge of the carrier or carriers; [emphasis added]

§ 71-3-37 **"Payment of compensation"** provides in pertinent part:

(1) Compensation under this chapter shall be paid periodically, promptly, in the usual manner, and directly to the person entitled thereto, without an award except where

<u>liability to pay compensation is controverted by the employer</u> [emphasis added].

(2) The first installment of compensation shall become due on the fourteenth day after the employer has notice, as provided in Section 71-3-35, of the injury or death, on which date all compensation then due shall be paid [emphasis added].

. . . .

(4) If the employer controverts the right to compensation he shall file with the commission, on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice in accordance with a form prescribed by the commission, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted.

Lastly, § 71-3-35 **"*Limitation*"** provides in pertinent part:

(1) No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer. <u>Absence of notice shall not bar recovery if it is found that the employer had knowledge of the injury and was not prejudiced by the employee's failure to give notice</u> [emphasis added]**.**

Accordingly, when an employer has knowledge of an employee's injury formal notice is not needed to trigger the obligation to provide benefits, § 71-3-35(1); *see also Walker Mfg. Co. v. Pickens*, 206 So.2d 639, 640 (Miss. 1968); *Bush v. Dependents of Byrd*, 108 So.2d 211, 212 (Miss. 1959); *Ingalls Shipbuilding Co. v.*

9

*Dickerson*, 92 So.2d 354, 358-59 (Miss. 1957), and this knowledge is, in turn, imputed to the carrier without any formal notification to the carrier, § 71-3-77(2)(a).  When a carrier knows of an insured's employee's injury, and the insured does not controvert the injury, the carrier has a duty to  begin paying benefits directly to the injured employee, §§ 71-3-37(1), (2), & (4), 71-3-77(1) & (2).  The duty of the carrier to pay benefits is owed by the carrier to the injured employee, §§ 71-3-37(1) & 71-3-77(1).

Applying the state statutes and court decisions to the facts of the present case, we conclude that: (1) it is undisputed that (a) Hartford was the workers' compensation carrier of both Speedway and Quick Change and (b) Rogers was acting in the course and scope of employment by either Quick Change or Speedway when the accident occurred; (2) Rogers had no duty to give formal notice of his injury to Quick Change, Speedway, or Hartford, §§ 71-3-35(1) & 71-3-77(2)(a); (3) both Speedway and Quick Change had knowledge of Rogers' injury immediately after it occurred on August 9, 1991, and this knowledge was imputed to Hartford, §§ 71-3-35(1) & 71-3-77(2)(a); (4) neither Speedway nor Quick Change ever controverted Rogers' injury, § 71-3-37(1); (5) Hartford had a duty to promptly make benefits available to Rogers, §§ 71-3-37(1) & 71-3-77(1); (6) Rogers was entitled to "the first installment of compensation" on or around August 23, 1991 -- 14 days after Hartford had statutory knowledge of Rogers' injury, § 71-3-37(2); and (7) by refusing to pay benefits until a year and a day after Rogers was injured, Hartford breached its statutory duty of prompt, direct payment to

10

Rogers, §§ 71-3-37(1) & 71-3-77(1).

Hartford defends its action by separating its obligation to pay Rogers as the carrier of Speedway and Quick Change into two compartmentalized arguments, i.e., that it had independent legitimate reasons not to pay under either the Quick Change or Speedway policy. First, Hartford argues that because the issue of whether Speedway or Quick Change was Rogers' employer was an "extremely close question" as stated by the Mississippi Supreme Court, they had a legitimate reason to deny Rogers' benefits on the Quick Change policy.

In making this argument, Hartford is ignoring the issue *sub judice*. For our purposes, the Rogers employment issue is irrelevant. The issue in this case is whether Hartford, as the indisputably responsible party to pay benefits, had a legitimate or arguable reason to deny paying Rogers benefits under the Mississippi Workers' Compensation Law. By mischaracterizing the issue, Hartford was able to persuade the district court. However, after a careful review of the relevant statutory provisions, we are convinced that the statutory scheme set forth by the Mississippi Workers' Compensation Law clearly demonstrates that, as the responsible party, Hartford had an obligation to promptly and directly pay benefits to Rogers notwithstanding which of Hartford's insureds was Rogers' employer and how close the employer determination might have been. Because it is undisputed Rogers' accident arose out of and in the course of employment by either Quick Change or Speedway, Hartford had no justifiable reason to

11

refuse to pay compensation benefits as required under the workers' compensation statutes.

As for the Speedway policy, Hartford argues that it had a legitimate or arguable reason to delay benefits because (1) until the Mississippi Workers' Compensation Commission ALJ determined that Rogers was injured while employed by Speedway, Rogers did not file a petition to controvert against Speedway, (2) Speedway never filed a Form B-3 and relatedly instructed Hartford not to pay benefits, (3) as soon as Rogers filed a petition to controvert against Speedway alleging he was a Speedway employee Hartford began paying benefits under the Speedway policy and (4) the Mississippi Supreme Court ultimately held that Speedway was not Rogers' employer. This argument is equally without merit. As clearly stated in Sections 71-3-35(1) & 71-3-77(2)(a) of the Mississippi Workers' Compensation Law, formal notice of injury is not needed if the employer had knowledge of the injury. As discussed previously, it is undisputed that both Quick Change and Speedway had knowledge of Rogers' injury, thereby imputing knowledge to Hartford for the purposes of compensation under the Workers' Compensation scheme. § 71-3-77(2)(a). Furthermore, an insured's failure to file a petition to controvert does not absolve an insurer from paying on a claim it knows is due. *See* § 71-3-37.

Similarly, Speedway's instruction to not pay the Rogers claim is of no significance as here Hartford was the only possible responsible party. Hartford's own assertion that Rogers was Speedway's loaned servant in its answer to Rogers' petition to

12

controvert filed against Quick Change indicates Hartford's implicit recognition of this fact. As Rogers' attorney advised, Hartford, as ultimately the only responsible party with regard to this compensation claim, should not have allowed internal concerns about whose account to "charge" override its statutory obligation to Rogers. Rogers should not suffer because by coincidence Quick Change and Speedway had chosen the same carrier.

Hartford's contention that it had a legitimate reason to deny Rogers' benefits under the Speedway policy as the Mississippi Supreme Court ultimately determined that Speedway was not Rogers' employer is also irrelevant to *Hartford*'s statutory responsibility as the carrier for both Speedway and Quick Change to promptly make benefits available to an injured claimant as explained above with regard to the Quick Change "close question" argument. The argument is a classic *non sequitur* in that the inference that Hartford had a legitimate basis not to provide compensation does not logically follow from the premise that the Mississippi Supreme Court had difficulty deciding which of Hartford's insureds was Rogers' employer. As explained previously, Hartford had an obligation to provide benefits to Rogers regardless of whether Quick Change or Speedway was ultimately found to be the actual employer of Rogers at the time of the accident. For the foregoing reasons, we conclude that Hartford did not have a legitimate or arguable reason for refusing to timely pay Rogers workers' compensation benefits.

As a final matter, we conclude that the district court properly (1) granted summary judgment in favor of the Colemans, and

13

(2) denied, on the basis of fraudulent joinder, Rogers' motion to amend his complaint by adding Todd Coleman and Jim Napper as parties and to remand. Fraudulent joinder is established when resolving all factual disputes and ambiguities in favor of the plaintiff, there is no possibility that the plaintiff would be able to establish a cause of action against the nondiverse defendants in state court. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. Unit A Dec. 1981). We conclude no cause of action could be sustained against these nondiverse Hartford employees as the record reveals they lacked the requisite authority to deny benefits to Rogers.

CONCLUSION

For the foregoing reasons, the order of the district court granting summary judgment in favor of Hartford is VACATED, partial summary judgment in favor of Rogers decreeing that Hartford did not have any legitimate or arguable basis for initially denying benefits is RENDERED, and the case is REMANDED to the district court for further proceedings.

14