BRIDGES, J., for the court.
¶ 1. This case reaches this Court on appeal from the Circuit Court of Forrest County. Edwards petitioned the Mississippi Workers’ Compensation Commission for benefits after he suffered an alleged on-the-job injury. The administrative law judge denied the claim based on the employer’s defense of intoxication. Edwards appealed to the Full Commission which affirmed the administrative law judge’s decision. Edwards appealed to the circuit court, which also affirmed the administrative law judge’s decision. Aggrieved, Edwards is now before this Court citing four issues for our review:
I. Whether or not the finding of the Mississippi Workers’ Compensation Commission barring injuries suffered by Jessie Ralph Edwards due to the defense of intoxication is supported by substantial evidence?
II. Whether or not the finding of the Mississippi Workers’ Compensation Commission that Jessie Ralph Edwards did not reasonably seek employment after reaching maximum medical improvement?
III. Wfhether or not the finding of the Mississippi Workers’ Compensation Commission committed reversible error in not finding that Jessie Ralph Edwards sustained a compensable injury as a result of his on the job injury while working for Broome Construction, Inc., *732 due to their failure to file a response to claimant’s petition to controvert?
IV. Whether or not the finding of the Mississippi Workers’ Compensation Commission committed reversible error in finding that Jessie Ralph Edwards was not entitled to recover for temporary total disability, total permanent disability, total loss of wage earning capacity, medical expenses, and/or permanent and partial disability plus penalties and interest due to his on the job injury against appellee World Wide Personnel Service, Inc. and/or Broome Construction, Inc.?
¶ 2. Finding sufficient evidence based on the defense of intoxication to support the administrative law judge’s decision, we affirm that decision with no evaluation of the remainder of the issues.
STATEMENT OF THE FACTS
¶ 3. On September 29, 1994, Jessie Edwards was an employee of World Wide Personnel Services, Inc. Edwards was working a job with Broome Construction, Inc., on Gordon’s Creek located in Hatties-burg, Mississippi. His job consisted of trimming trees with a chainsaw once the trees were pushed over by the track hoe operator.
¶4. On the particular day in question, the track hoe operator pushed a tree over which extended out over the creek bed. Testimony revealed that Edwards walked out on the tree trunk over the creek bed to trim the tree instead of waiting for the tree to be pulled onto the creek bank. Edwards testified that when he trimmed one limb off of the tree, the tree rolled and his foot slipped, causing him to fall several feet to the creek bed.
¶ 5. Edwards’s supervisor, Doug Clark, immediately carried him to the Urgent Care Center of Hattiesburg for treatment. At the clinic, Clark requested a drug screen on Edwards, which showed canna-binoids or marijuana in Edwards’s body.
STANDARD OF REVIEW
¶ 6. Our scope of review on appeal is limited to a determination of whether the Commission’s findings of fact and order are supported by substantial evidence. Marshall Durbin Co. v. Warren, 633 So.2d 1006, 1009 (Miss.1994). We will reverse an order of the Workers’ Compensation Commission only where such order is clearly erroneous and contrary to the overwhelming weight of the evidence. Vance v. Twin River Homes, Inc., 641 So.2d 1176, 1180 (Miss.1994).
LEGAL ANALYSIS
¶ 7. Our first issue for review is the defense of intoxication submitted by the employer, World Wide Personnel Services, Inc. “No compensation shall be payable if the intoxication of the employee was the proximate cause of the injury, or if it was the willful intention of the employee to injure or kill himself or another.” Miss. Code Ann. § 71-3-7 (Supp.2001). As such, the defense of intoxication is a bar to recovery.
¶ 8. Shortly after the accident, Edwards’s supervisor, Doug Clark, took Edwards to the Urgent Care Clinic for attention to his injuries. While at the clinic, a urine sample was taken which was tested for alcohol and drugs. Marijuana was found in Edwards’s system, registering a concentration level of 111 nanograms per milliliter, where the cutoff level is 100. Edwards claims that he was passively subjected to marijuana smoke and that is how he tested positive for the drug. He has served two prison terms for drug related crimes, specifically marijuana. Edwards’s testimony relating to his personal drug use is convoluted. He claimed to have re- *733 framed from using drugs for a long period of time prior to his injury. At one point in his testimony, he said it had been thirty days. Later in his testimony, Edwards claimed it had been sixty days. Edwards then testified that it had actually been six years since he had used marijuana.
¶ 9. Dr. William George testified as an expert in the field of drugs. He testified that Edwards was a “trim little man with little body fat” and, if Edwards was not a habitual user, that drug residue would only remain in his body for a couple of days or a short period of time. However, George testified that the level of drugs in Edwards’s urine sample was indicative that he actively used marijuana, either repeatedly or chronically. George further opined that Edwards had smoked marijuana within six to eight hours of the time of the drug test. George also testified that the results of the test would not have been positive if Edwards had not smoked marijuana in several years, as Edwards claimed, or the level of the marijuana would not have registered as high as it did if he had only been passively exposed to marijuana smoke.
¶ 10. No lay witness could testify that they actually saw Edwards fall. One coworker testified that Edwards kept to himself during the several breaks the workers had had on the day in question. The coworker further testified that Edwards would walk down to the creek bed alone during these breaks. Edwards’s supervisor testified that Edwards did not trim the fallen tree that caused the injury according to their normal tree trimming practice.Edwards climbed out-onto the tree, which was extended out over the creek, and proceeded to trim the top of the tree out first, contrary to the normal mode of tree trimming. Edwards did not wait for the track hoe operator to drag the tree onto the bank for safe trimming.
¶ 11. The burden is on the employer to show that the employee’s intoxication was the proximate cause of his injury. Murphy v. Jac-See Packing Co., 208 So.2d 773, 777 (Miss.1968). This Court has not found Mississippi precedent that addresses the idea of illegal substances in the bodies of workers at the time of the on-the-job injury.
¶ 12. We have found persuasive case law from Louisiana appellate courts which have heard similar cases to the case at bar. Although that jurisdiction is governed by a different statute requiring a distinguishable burden of proof, nonetheless, the rulings are persuasive. A Louisiana First Circuit Court of Appeals case holds that it was “not necessary for an employee to be intoxicated to the point of helplessness in order to be deprived of compensation” in response to the lack of testimony from coworkers that the claimant appeared intoxicated. Johnson v. EnviroBlast, 804 So.2d 924, 928 (La.App. 1st Cir.12/28/01). A Louisiana Second Circuit Court of Appeals case is factually similar to the case at bar. Deal v. Bancroft Bag, Inc., 671 So.2d 1264, 1265-66 (La.App. 2nd Cir.04/03/96). The employee fell, causing injury to himself. Id. at 1265. A urine sample was obtained which indicated the use of marijuana with a cannabinoid level of forty-five nanograms per milliliter. Id. The employee cited passive exposure two weeks prior to the fall as the cause of the positive test results. Id. However, the expert testified that the cannabinoid concentration was too high for “mere passive exposure two weeks prior to testing.” Id. at 1266-67. Therefore, the employee was denied benefits. Id. at 1267.
¶ 13. These cases are persuasive in our decision on the case at bar. It is this Court’s opinion that the employer met its burden to prove intoxication as the cause of the accident. Edwards’s cannabi-noid level was extremely high, indicating *734 recent use of marijuana. Edwards’s coworker testified that he was by himself during the crew’s breaks and would walk down by the creek bed away from others. Furthermore, Edwards trimmed the tree in an unsafe manner, unlike the normal tree trimming procedures. The administrative law judge was correct in denying benefits to Edwards. We affirm.
¶ 14. There was some question of who the actual employer of Edwards was, either World Wide Personnel Services, Inc. or Broome Construction Company, the company actually doing the job but employed by World Wide. This issue was alluded to by Edwards but was not specifically raised for our review. However, the traditional test of the employer-employee relationship is the right of the employer to control the details of the work. Ray v. Babcock & Wilcox Co., Inc., 388 So.2d 166, 168 (Miss.1980). The dual employment capacity and/or the “borrowing employer” typically is applicable to the tort liability spectrum. “This Court has held that when an employee is engaged in the service of two (2) employers in relation to the same act (dual employment), both employers are exempt from common law liability, although only one of them has actually provided workmen’s compensation insurance.” Id. at 167 (citing Robertson v. Stroup, 254 Miss. 118, 180 So.2d 617 (1965)).
¶ 15. Edwards made his application for employment at the work site, directly to the supervisor. He was hired “on the spot” and was provided workers’ compensation insurance and hourly wages by World Wide. He was an employee of World Wide Personnel Services, Inc., and not Broome Construction, Inc.
CONCLUSION
¶ 16. We are of the opinion that the Commission’s decision was supported by substantial evidence and therefor affirm such decision. Since Edwards’s intoxication is a bar to recovery, it is not necessary for us to review the remaining issues.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS HEREBY AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.